Rescript Opinions.

MARION E. THOMAS *vs.* MELVIN GOLDSTON. November 2, 1967. In this action of tort for personal injuries allegedly due to the negligence of the defendant in causing her to fall from a sidewalk or platform in front of a store which was part of premises leased to the defendant, the plaintiff excepted to directed verdicts for the defendant. The platform was five inches above the level of the abutting parking area, and forty feet of its length was used for children's amusement devices, including a miniature merry-go-round or turntable. The plaintiff attributed her injury to the fact that, having placed her grandchild on the back of one of the two wooden horses mounted on the merry-go-round, she deposited a dime in the coin box on the center pole, whereupon the machine immediately started up and she was struck by the hind hooves of one of the horses, causing her to fall from the platform. She later ascertained that the hind hooves extended about ten inches beyond the turntable platform. There was no evidence that the device which had been on the premises for some years was defective structurally or otherwise. Photographs are before us. The purpose and construction were open and obvious to persons of ordinary intelligence. In these circumstances there was no duty to warn. *Alden* v. *Norwood Arena, Inc.* 332 Mass. 267, 271. *Scully* v. *Joseph Connolly Ice Cream Sales Corp.* 336 Mass. 392, 394.

*Exceptions overruled.*

*Francis D. Harrigan* for the plaintiff.
*Francis J. Bousquet* for the defendant.

SOPHIE H. MAYES *vs.* SAMUEL H. MAYES. November 3, 1967. A consent decree in the Probate Court, dated July 10, 1962, modified a decree dated March 21, 1961, by providing that the libellee Samuel Mayes pay as alimony to the libellant Sophie $150 weekly for her support and for the support of two minor children. On December 13, 1965, on the petition of Samuel, the judge, after hearing and on reported evidence, without findings of fact, further modified the decree of March 21, 1961, by providing for the payment of $75 weekly to Sophie as alimony only, retroactive to February 1, 1965. Sophie appeals. It is undisputed that the children had attained their majority. On conflicting evidence the judge could find, as the decree imports he did find, that Samuel's health, impaired by hepatitis, had diminished his ability and desire to augment his regular salary as an orchestra member by solo performances, and other extra work, and that his earnings were substantially less than they had been on July 10, 1962, whereas Sophie's financial circumstances had, in general, improved. We cannot say that the judge was plainly wrong. See *Whitney* v. *Whitney,* 325 Mass. 28.

*Decree affirmed.*

*John D. Dwyer* for the libellant.
*Jules E. Angoff* for the libellee.