JOSEPH C. FOLEY *vs.* ALEXANDER F. MATULEWICZ. February 21, 1984. *Practice, Civil,* Summary judgment.

The plaintiff has appealed from a summary judgment entered against him in the Superior Court. The plaintiff's amended complaint was based on negligence and sought damages on claims that the defendant had main-

---

tained a dangerous condition on his property, that he had failed to correct an unsafe condition created by a contractor hired by him, and that the defendant was vicariously liable for the contractor's performance of inherently dangerous work.

A party moving for summary judgment (here the defendant) has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as matter of law. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). "The movant is held to a stringent standard . . . any doubt as to the existence of a genuine issue of material fact will be resolved against [him]. Because the burden is on the movant, the evidence presented . . . always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it." 10A Wright & Miller, Federal Practice and Procedure § 2727, at 124-125 (2d ed. 1983). "A court should not grant a party's motion for summary judgment 'merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.' *Hayden* v. *First Natl. Bank*, 595 F.2d 994, 997 (5th Cir. 1979), quoting 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2725, at 514 (1973)." *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982). Rather, "[t]he inference to be drawn from the burden placed on the moving party is that his failure to establish the absence of a genuine issue of material fact must, without more from his opponent, defeat his motion." *Community Natl. Bank* v. *Dawes, supra.* See 10A Wright & Miller, Federal Practice and Procedure § 2739, at 523-524 (2d ed. 1983). See also *Brunswick Corp.* v. *Vineberg*, 370 F.2d 605, 612 (5th Cir. 1967); *McDonnell* v. *Michigan Chapter No. 10, Am. Inst. of Real Estate Appraisers*, 587 F.2d 7, 8 (6th Cir. 1978); Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961-1963 (II), 77 Harv. L. Rev. 801, 827 (1964). In addition, summary judgment is rarely granted on the merits of a negligence action because of the jury's "unique competence in applying the reasonable man standard to a given fact situation." 10A Wright & Miller, Federal Practice and Procedure § 2729, at 194 (2d ed. 1983). See *Gross* v. *Southern Ry. Co.*, 414 F.2d 292 (5th Cir. 1969); *Furlong* v. *Stichman*, 24 F.R.D. 400, 401 (S.D.N.Y. 1959).

These principles govern this case. The defendant's affidavit in support of the motion is perfunctory and superficial. Much of the affidavit appears to be based on information and belief rather than the defendant's personal knowledge. See *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.*, 369 Mass. 968 (1976). The affidavit omits any detail about the nature of the defendant's land beyond the bare assertion that it was wooded and undeveloped. The two photographs submitted with the affidavit add nothing by way of clarification. The affidavit contains no assertion that the defendant was unaware of the plaintiff's lawful presence on the land. The affidavit also fails to supply any sufficient facts about the ar-

rangements between the defendant and his contractor, the contractor's activities on the land prior to, and at the time of, the accident and the defendant's knowledge of those activities. The affidavit's reader is thus left to guess whether the defendant should bear any legal responsibility for the plaintiff's injuries. We think the plaintiff did not have to justify his opposition where the defendant failed to make clear where the truth could be found. We conclude that questions about the sufficiency of the plaintiff's proof should await possible disposition by motion under Mass.R.Civ.P. 50(a) or (b), 365 Mass. 814-815 (1965), and that the present rule 56(b) motion should have been denied.

*Judgment reversed.*

*William D. Jalkut* for the plaintiff.
*John F. Hurley, Jr.,* for the defendant.