Martin, J.
This is an action in tort brought by the plaintiff Bernard Lauzier to recover damages from defendant Stop & Shop Companies, Inc. for injuries he sustained when he fell on a portion of a concrete walkway on the defendant’s premises.
The plaintiffs action against Stop & Shop Companies, Inc. is based on the following undisputed facts. The plaintiff had been walking on the sidewalk outside the supermarket towards the parking lot when he encountered two women in his path. The plaintiff walked around the women, stepping into the depression of the concrete walkway and fell.
Immediately prior to the accident, plaintiff observed on his right a depression or hole in the pavement approximately one-half inch deep and one yard square. The plaintiff had observed this depression two weeks earlier and was reluctant to step into the area at that time because of a preexisting tendency to fall.
The defendant filed a Motion for Summary Judgment and the court entered an order on the Motion for Summary Judgment. The defendant contends that the plaintiff knowingly chose apath that was openly dangerous. The defendantfiirther asserts that there is no duty incumbent on them to warn of dangers that are obvious. The plaintiff is aggrieved by the order of the court.
Summary judgment is proper where no genuine issue of material fact exists. Dist./ Mun. Cts. R. Civ. P., Rule 56. A party moving for summary judgment (here the defendant) has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976).
Stop & Shop’s duty to invitees is to “use reasonable care to keep the premises in a reasonably safe condition.”[1] Although the defendant admitted to knowledge of the condition of the walkway prior to his fall, this knowledge may or may not relieve the defendant of liability. Summary judgment is rarely granted on the merits of a negligence action because of the jury’s “unique competence in applying the reasonable man standard to a given fact situation.” Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984). A court should not grant a party’s motion for summary judgment merely because the facts appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial. Attorney General v. Bailey, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982).
Where the defendant, as moving party, has not satisfied the burden of affirmatively demonstrating that there is no genuine issue of fact, summary judgment is precluded. Id. at 371. There exists a genuine issue of material fact as to whether the defendant maintained the walkway in a reasonably safe condition.
*75 Accordingly, the trial court’s allowance of summary judgment for the defendant Stop & Shop is hereby vacated. This matted is returned to the Quincy Division for trial on the merits of the issue of negligence.

 See, MASS JUR, PERSONAL INJURY §31:16 at 124 (1992).