Teahan, J.
This matter comes before us on plaintiffs appeal from an adverse finding arising out of a fall on a snow and ice covered sidewalk on February 6, 1989 in Leominster. The plaintiff claims to be aggrieved by the Court's denial of her requests for rulings of law numbers 1,5 and 6 as well as three independent findings of the Court.[2] Her claim to a review of facts found is unsupported by Dist./Mun. Cts. R. Civ. P, Rule 64 and limited to clearly erroneous findings of fact finder Rule 52 (a).
FACTS FOUND BY THE COURT
On February 6, 1989, the plaintiff Lorna Nikitas (“Nikitas”) fell on a sidewalk on land in Leominster owned by the defendant Gagne on which the defendant I-C Federal Credit Union (“Credit Union”) as lessee had constructed a building and was in exclusive control. In the middle of the morning Nikitas parked in a designated area and walked on the sidewalk toward the Credit Union Building. Light snow and freezing drizzle had been falling in Worcester twenty miles away prior to her walking on the sidewalk. Snow was blowing and she observed 1/4 to 1/2" of ice and 1/4 to 1/2" of snow on top of the ice. Ice was both exposed and snow covered. Nikitas observed another person lose her footing near the Credit Union building. From the opening of business until Nikitas fell the Credit Union had processed forty-seven transactions. Notwithstanding foot traffic needed to support such transactions, Nikitas observed no footprints in the snow when she fell. Worcester weather reports indicated it was snowing at that city’s airport at 7:00 a.m. and at 10:00 a.m. there was freezing drizzle, snow and fog recorded.
The defendant Boudreau’s Service Station (“Boudreau”) was hired by the Credit Union to sand, salt, shovel and plow. Boudreau had been at the Credit Union premises salting and sanding the sidewalk prior to opening. Nikitas observed no evidence of sand or salt on the sidewalk. Boudreau had not shoveled or plowed the premises that day. By 9:45 a.m. the entire sidewalk was covered with *172 snow and ice. Nikitas was in the exercise of due care when she fell at 10:05 a.m.. The Court found the plaintiff was caused to fall by a natural accumulation of snow and ice. She fell into the parking lot tearing a rotator cuff and superior glenoid labrun in her right shoulder and sustained nerve impingement in that shoulder.
Six requests for rulings of law were filed by the plaintiff and acted upon as follows:
“CONCLUSIONS OF LAW”
1. The defendants and their agents, servants and employees owed the plaintiff a duty to exercise reasonable care in removing the snow and ice hazard from the premises. DENIED.
2. The defendants and their agents, servants and employees failed to use reasonable care in removing the snow and ice hazard from the premises. ALLOWED.
3. The defendants and their agents, servants and employees’ actions and omissions proximately caused plaintiffs injuries and property damages. ALLOWED.
4. The plaintiff did not contribute to or cause her injuries. ALLOWED.
5. The defendants are liable in negligence for the plaintiffs injuries. DENIED.
6. Plaintiff Lorna Nikitas is entitled to recover for her personal injuries, including pain and suffering, lost wages, diminished earnings capacity and future pain and suffering. DENIED. (Report, p. 5)
Central to this appeal is whether on these facts Boudreau, a provider of services in snow removal, sanding and salting to the Credit Union, owed a duty of care to the plaintiff. The Court ruled that it did not on these facts which include a finding of “natural accumulation” of snow and ice.
It is clear in the Commonwealth that a property owner owes a duty of reasonable care in the circumstances to a person lawfully on the premises. Mounsey v. Ellard, 363 Mass. 693, 707-708 (1973). Such duty is not violated by a landowner or occupier’s failure to remove a non-actionable defect such as a natural accumulation of snow and ice. Aylwood v. McCosky, 412 Mass. 77, 80 (1992),[3] Upon these facts, a finding of a natural accumulation of snow and ice is certainly not clearly erroneous.
The plaintiff asserts that Boudreau as a service provider to the lessee in control and occupying the premises is not subject to the same legal analysis of duty under the law involving natural accumulations of snow and ice. Further, the plaintiff asserts that the allowance of request for ruling of law #2 compels a finding for the plaintiff. We disagree. We conclude the law involving non-actionable defects such as natural accumulations of snow and ice applies to all parties in any relationship to the plaintiff and does not impose a duty of care on a service provider such as Bou-dreau on these facts where none exists for a landowner or occupier. The caselaw as reviewed analyzes the absence of a defect in snow and ice natural accumulation cases in relation to owners and occupiers and not service providers. Notwithstanding the lack of mention of other parties in relation to an injured plaintiff, its absence is not compelling as under any circumstances there is no liability where *173 there is no actionable defect. See Sullivan v. Brookline, 416 Mass. 825, 827-829 (1994). Were the thrust of the law in this area to be an articulation of relative gradations of duty owed dependent on relationship, the plaintiffs argument might have merit. Instead this area of the law represents a policy determination that certain factual conditions involving snow and ice are not defects and accordingly non-actionable. To establish a hierarchy of actionability dependent on relative relationship is not the law in this area.[4] There is no duty of care since there is no defect.
The appeal is ordered dismissed.

The Court made three independent findings of law. They were that a finding for each of three defendants was “warranted.”
Three requests for rulings of law filed by plaintiff were DENIED. They include:
1. The defendants and their agents, servants and employees owed the plaintiff a duty to exercise reasonable care in removing the snow and ice hazard from the premises.
5. The defendants are liable in negligence for the plaintiff’s injuries.
6. Plaintiff Lorna Nikitas is entitled to recover for her personal injuries, including pain and suffering, lost wages, diminished earnings capacity and future pain and suffering.

The concept of a non-actionable defect such as snow and ice under circumstances where it is found to be a natural accumulation is premised upon the recognition that conditions may exist which within a brief period of time could cause a snow and/or ice condition without fault or reasonable opportunity of the landowner or occupier to remove it or warn against its presence. Collins v. Collins, 301 Mass.. 151, 152 (1938).

We agree with the argument advanced in plaintiffs brief concerning the duty owed by service providers. The argument, however, begs the issue as the sui gen-eris status of natural accumulation law on snow and ice cases is a unique topic-specific declaration that such circumstances are not a defect. Absent the defect any duty is gratuitous in the legal analysis.