Houston, J.
This action arises out of a claim brought by the plaintiff, Pamela Whelan (“Whelan”), for injuries she suffered when she was attacked by a dog while she was visiting an apartment at 40 North Main Street, Natick, Massachusetts, which she sought to rent. The defendant, Michael Carr (“Carr”), neither the owner nor keeper of the dog,[2] is the manager and indirect owner of 40 North Main Street, doing business as the Carr Development Company (“Company”).[3] Whelan claims that Carr is liable for his negligent actions and those of his agents, as employees of the Company, which were the proximate cause of her injuries. Carr moves for summary judgment on the grounds that he is not the owner or person in control *105 of the premises, that there is no evidence to support a finding that he failed to use reasonable care with respect to the premises, and that there is no evidence that he knew or should have known that the dog had vicious propensities. For the reasons set forth below, Carr’s motion for summary judgment is DENIED.
BACKGROUND
Whelan arranged to visit an apartment at 40 North Main Street, Natick, Massachusetts, and meet rental agent Ann Burridge (Burridge) from the Company.' When Burridge was not present at the scheduled meeting time, Whelan walked down a pathway between 38 and 40 North Main Street where she was attacked by a dog which caused her injuries. The dog, “Baxter,” was chained to a tree on the properly of 38 North Main Street where the owner of the dog, Rhonda Sullivan (Sullivan), resided. Though the dog was restrained by the leash, it was able to reach the pathway between 38 and 40 North Main to attack Whelan.[4] There are no allegations that Whelan was trespassing or that she provoked the dog in any way.
At the time of the attack on Whelan, the property located at 40 North Main Street was owned by North Main Street Realty Trust, and the trustee was Jacqueline Carr, Carr’s daughter. The property located at 38 North Main Street was owned by Brendan Carr, Carr’s son. Carr formerly owned both properties and at the time of the incident, managed both properties through the Company. The Company collects rents and makes repairs on both properties.
The record indicates that prior to the attack on Whelan, a representative from the Company contacted Sullivan on previous occasions to arrange for her to bring the dog inside while representatives of the Company were showing the apartment at 40 North Main Street. Testimony of an animal control officer Keith Toshi (“Toshi”) of the Natick Animal Control Department (“Department”) was that there are no reports on record of incidents involving “Baxter.” Furthermore, Toshi stated that it is the common practice of the Department to contact the dog owner regarding such an incident but not the owner of the property on which a dog bite occurs.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue which required adjudication. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “All inferences arising from facts contained in the affidavits or other Rule 56 materials are to be viewed in the light most favorable to the party opposing the motion.” Wright v. Sabatino, 1995 Mass.App.Div. 48, 49, citing Hub Associates Inc. v. Goode, 357 Mass. 449, 451 (1970); Madden v. Estin, 28 Mass.App.Ct. 392, 394 (1990). In actions for negligence, such as this one, summary judgment is rarely granted. Wright, 1995 Mass. App. Div. 48, 49, citing Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 102-03 (1991); Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984).
In general, “[njegligence is the doing of something, which a reasonably prudent person, in the ordinary course of human events, would not do, or the failure to do something which a reasonable person would do. Hence, it is the failure to use due care in the management of one’s person, property, or agency under one’s control.” Massachusetts Lobstermen’s Ass’n, Inc. v. United States, 554 F.Supp. 740, 742 (D. Mass. 1982), citing Prosser, The Law of Torts, (2nd) 142 (1971) [citations omitted). Furthermore, the negligent act must be the proximate cause of the injury. Massachusetts Lobstermen's Ass’n, Inc. v. United States, supra.
In this case, there is some dispute between the parties as to the extent of ownership and control that Carr had over the property upon which Whelan was injured. “With respect to areas maintained in the landlord’s control the landlord may be viewed as in effect an ‘occupier.’ ” King v. G&M Realty Corp., 373 Mass. 658, 661 (1977); see also Lindsey v. Massios, 372 Mass. 39 (1977). Landowners or occupiers are not insurers of the safely of their property, but are responsible for reasonable care under all the circumstances and to all lawful visitors. Mounsey v. Ellard, 363 Mass. 693, 707-09 (1973) (abolishing the distinction between licensees and invitees, or in other words, between business invitees and social guests); see Nikitas v. Boudreau’s Service Station, 1995 Mass. App. Div. 171, 172.
Whelan claims that Carr had an owning interest in the properly, while Carr claims that he merely acted as the apartment manager. Carr acted as the manager of the property at 38 and 40 North Main Street, responsible for repairs and rentals of the units. On the other hand, Sullivan, the dog owner, was in possession of the property as the tenant. Prior to the incident in which Whelan was injured, Carr contacted the dog owner, Sullivan, to remove the dog when prospective tenants were invited to visit. An issue of fact remains to be determined, therefore, as to whether Carr, as apartment manager or as an owner, had sufficient control over the premises to render him liable for Whelan’s injuries.
Furthermore, Carr may have owed a duty of reasonable care toward Whelan by inviting her, through his agent, to the property in order to discuss rental of the apartment, regardless of whether he had ownership or control of the properly. “[PJersons who are neither owners nor keepers may conduct themselves negligently in relation to a dog so as to become liable for consequent injuries to others.” Brown v. Bolduc, 29 *106 Mass.App.Ct. 909, 910 (1990) (parents who owned the trailer in which the dog owner lived were not liable for injuries under G.L.c. 140, §155, the dog bite statute, for injuries sustained by a guest who entered the trailer and was attacked by the dog). A person who is not the owner of the dog may still have a duty to exercise reasonable care to protect the plaintiff from harm caused by an animal. Id. at 910. In cases in which the defendant is not the owner of the dog, a plaintiff can only recover from injuries caused by a dog bite if the plaintiff can prove that the defendant breached the duty of care to keep the premises in safe condition. Griffin v. Clock Tavern, Inc., 1994 Mass.App.Div. 119, 120 (the court affirmed a judgment that a bar owner was negligent for injuries to a customer from a dog bite in allowing an unleashed dog in the bar), citing Andrews v. Jordan Marsh Co., 283 Mass. 158 (1933).
In this case, as the issue of whether Carr previously called Sullivan to request that she bring the dog indoors while potential tenants were visiting the apartment merely because the dog barked or because Carr knew or should have known that the dog had the propensity for viciousness, also remains to be determined, summary judgment is not appropriate at this time.
ORDER
For the foregoing reasons, Carr’s motion for summary judgment is DENIED.

 Rhonda Sullivan was the sole owner of the dog.

 The Company is not a party to this action.

 After the attack, Whelan contacted the Company to inform them of the incident, and a representative told her that someone from the Company had attempted to contact her because Burridge was unable to make the appointment.