Merrigan, J.
The defendants Eric S. Mongeon and Kerstin A. Johansson appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8B, from the allowance of plaintiff Anna Jarzinski’s motion for summary judgment. We reverse.
The facts that give rise to the underlying suit are as follows:
On June 29, 1996, the plaintiff Anna Jarzinski and her husband were walking through the parking lot of Spag’s department store in Shrewsbury when Jarzinski was struck from behind by a moving motor vehicle. The motor vehicle, owned by Mongeon and Johansson, was not occupied at the time. Mongeon and Johansson were shopping inside Spag’s. The motor vehicle somehow rolled away from its parking space and struck Jarzinski. The Shrewsbury police investigated the accident. They found that the gear of the vehicle was in neutral and that the parking brake was not engaged. An anti-theft “club” was attached to the steering wheel. Mongeon filed an operator’s report stating that after dropping his mother and wife off at Spag’s, he parked his car, and he set the club before leaving the vehicle. He also stated that he does not usually use a parking brake but instead leaves the car in gear. He also stated that maybe he did not put the car in gear and maybe that was the reason it rolled into Jarzinski. The Shrewsbury police did not issue any citation to Mongeon. Jarzinski’s allegations in her complaint are that Mongeon and Johansson failed to use reasonable care in parking their car. Relying on the police report and Mongeon’s operator’s report, Jarzinski moved for summary judgment, which was allowed by the motion judge.[2]
Summary judgment may be granted only where the record demonstrates the absence of a genuine issue of material fact. Here, it was for the fact-finder to address the issue of whether Mongeon was negligent in the manner or method of parking his car and, if so, whether Jarzinski’s injuries were the proximate result of Mongeon’s negligence. The evidence relied upon by the motion judge was the police report and Mongeon’s operator’s report. Neither contained evidence that was conclusive as a matter of law on the factual issue of whether Mongeon failed to use reasonable care in parking his car at Spag’s.[3] Merely because the car was found in neutral and without the parking brake set does not show that Mongeon *180 was negligent as a matter of law. Mongeon’s vehicle may have been struck by another vehicle or maybe experienced a mechanical failure. Despite the fact that these possibilities may appear to be remote on this record, summary judgment will not short circuit the fact finding process. Summary judgment is appropriate only when issues presented by motion for summary judgment do not call upon the motion judge to weigh evidence or anticipate the outcome of a trial, or to otherwise substitute the motion for the fact finding function of a trial. “A court should not grant a party’s motion for summary judgment ‘merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.’” Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1006 (1984), quoting Hayden v. First Natl. Bank, 595 F.2d 994, 997 (5th Cir. 1979), quoting 10 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2725, at 514 (1973). Moreover, summary judgment is not favored in negligence cases. Summary judgment for the plaintiff in negligence cases is especially inappropriate on the factual question of whether the defendant breached a duty of reasonable care owed to the plaintiff. ‘The application of the reasonable person standard is uniquely within the competence of the jury.” DeVaux v. American Home Assurance Co., 387 Mass. 814, 819 (1983).[4]
Jarzinski argues that Mongeon and Johansson cannot prevail on appeal because they did not in the trial court adequately resist her motion with an opposing affidavit and they did not otherwise produce countervailing evidence that the emergency brake was set, that Mongeon did not leave the vehicle in neutral, or that demonstrated the existence of a genuine issue of material fact. Jarzinski argues that Mongeon was required to make such a submission in order to establish the existence of a requisite dispute concerning material facts. However, in presenting the motion for summary judgment, Jarzinski only relied on the police report and the operator’s report in putting forth her factual version of events. These materials do not constitute the quality of evidence contemplated by Rule 56(c), e.g., pleadings, depositions, answers to interrogatories, responses to requests for admission, or affidavits. Moreover, “[i]f ... the opponent is convinced that even on the movant’s undisputed affidavits, the court should not grant summary judgment, he may decline to introduce his own materials and may instead fight the motion on entirely legal (as opposed to factual) grounds.” Reporter’s Notes, Mass. R. Civ. P., Rule 56. Parties defending against a motion for summary judgment, such as Mon-geon and Johansson are in this case, are obligated to respond with their own affidavits and other evidence only when the moving party makes a threshold showing based upon competent materials that there are no genuine issues of material fact. Jarzinski did not make such showing in this case.
This case is remanded to the District Court for trial.

 Johansson argued below but not on appeal that there was no evidence to support a granting of summary judgment against her.

 Neither of these documents qualify as “pleadings, depositions, answers to interrogatories... admissions, [or] affidavits” as contemplated by Rule 56(c).

 We note, however, that summary judgment for a defendant may enter where the issue is not the parties’ negligence, but rather, where the facts as alleged by the plaintiff, even if true, are not legally actionable against the defendant. For example, see Ellis v. Safety Insurance Co., 41 Mass. App. Ct. 630, 634-635 (1996) (infliction of emotional distress); Aylward v. McCloskey, 412 Mass. 77 (1992) (natural accumulation of snow and ice); and Appleby v. Daily Hampshire Gazette, 395 Mass. 32 (1985) (defamation).