Ripps, J.
This matter came on for hearing October 20,1999 before the Western Appellate Division sitting at the East Brookfield District Court on an Expedited Appeal (Dist./Mun. Cts. R. A. D. A., Rule 8A) of the allowance of the defendants Kon Shing Chan and Lynn Chan’s Motion for Summary Judgment on January 12, 1999 and the allowance of defendants Loi Chu and Virginia Leung’s Motion for Summary Judgment on March 12, 1999. Rule 8A(a) (4) requires the filing of “a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of *187 law presented.” The plaintiff did not provide the court with a copy of all the materials, in particular, the plaintiffs answers to interrogatories propounded by Kon Shing Chan and Loi Chu, which were presented to the trial judge and attached to their Motions for Summary Judgment and upon which the judge based his decision.[2] Herein, there was an objection raised at oral argument by counsel for defendant Leung only after the omission was alluded to by the court. We find this objection insufficient, and instead choose to reach this matter on the merits, as procedural dismissal would neither preclude further appeal to this division, nor expedite decision.
Based upon the materials presented, on October 1, 1995, the defendants Virginia Leung and Loi Chan held a tag sale at a house in Ware owned by relatives Kon Shing Chan and Lynn Chan, who were not present at the time. According to the key interrogatory at issue, the plaintiff went to the tag sale and “tripped over cardboard boxed (sic) which were spread out over the- driveway at the premises. ...” See plaintiff-appellant’s Exhibit B, defendant Loi Chu’s Memorandum in Support of Summary Judgment para. 4. The plaintiff-appellant cites at page 2 of her Brief and in the FACTS in the Expedited Appeal that “Said box was acting as a ‘carped over the asphalt.” Because we are unable to read the complete answer to the interrogatory, we cannot determine where the word “carpet” came from.
The court, Loconto, J., allowed Kon Shing Chan’s and Lynn Chan’s Motion for Summary Judgment ruling:
Although the homeowners owed a duty to maintain the premises in a reasonable safe condition and to warn guests of any unreasonable dangers of which they were aware or should have been aware, I rule that whatever danger was created by the placing of cardboard boxes on the driveway during the tag sale, ought to have been so obvious to the ordinary person that the defendants, in the exercise of reasonable care, were not required to warn their guests of that danger. Polak v. Whitney, 31 Mass. App. Ct. 349 (1985).
The judge subsequently allowed Loi Chu and Virginia Leung’s Motion for Summary Judgment for the same reason.
Summary Judgment
The plaintiff first argues that summary judgment should rarely be allowed in negligence cases and particularly not in “open and obvious” cases. The general principle is that summary judgment is to be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Dist./Mun. Cts. R. Civ. P., Rule 56(c). Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to a judgment in its favor. Wright v. Sabatino, 1995 Mass. App. Div. 48, citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). All inferences arising from facts contained in the affidavits or other Rule 56 materials are to be viewed in the light most favorable to the party opposing the motion. Wright v. Sabatino, supra, citing Hub Associates, Inc. v. Goode, 357 Mass. 449, 451 (1970); Madden v. Estin, 28 Mass. App. Ct. 392, 394 (1990).
Summary judgment is rarely granted in negligence actions, Wright v. Sabatino, supra, citing Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 102-103 (1991); Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984), “because of the jury’s ‘unique *188 competence in applying the reasonable [person] standard to a given fact situation.’” Lauzier v. Stop & Shop Companies, Inc., 1993 Mass. App. Div. 74, quoting Foley v. Matulewicz, supra at 1005.
A court should not grant a party’s motion for summary judgment merely because the facts appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial. Lauzier v. Stop & Shop Companies, Inc., supra, citing Attorney General v. Bailey, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982). But, there are situations where it can be said, as matter of law, that a cause is remote rather than proximate. Stamas v. Fanning, 345 Mass. 73, 76 (1962). Thus, when all the facts are established and there can be no reasonable difference as to the effect of them, causation becomes a question of law. Id.
'Negligence is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances.” Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 267 (1986). But “negligence is without legal consequence unless it is a contributing cause of the injury.” Stamas v. Fanning, supra at 75, quoting Baggs v. Hirschfield, 293 Mass. 1, 3 (1935). And a contributing cause must be a proximate, not a remote cause. ‘The question, therefore, narrows down to whether it can be said, as matter of law, that the conduct of the defendant was not the proximate cause of the accident.” Stamas v. Fanning, supra at 75.
“While the inherently factual issues in negligence cases often render summary judgment inappropriate, a defendant’s Rule 56 motion may be properly allowed when the ‘plaintiff fails to provide evidence creating a genuine issue for trial,’ McNamara v. Massachusetts Port Auth., 30 Mass. App. Ct. 716, 718 n.3 (1991), and when the evidence which is brought forward, ‘considered with an indulgence in the plaintiff’s favor,’ would not permit a finding of negligence as a matter of law. Appleby v. Daily Hampshire Gazette, 395 Mass. 32, 37 (1985). See also Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994).” Hall v. Waltham Post No. 156, 1998 Mass. App. Div. 276.
Duty of Landowner
Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by reference to existing social values and customs and appropriate social policy. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000),[3] citing Davis v. Westwood Group, 420 Mass. 739, 743 (1995), citing Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989). ‘The law imposes on a property owner ‘a duty to maintain his property in a reasonably safe condition in view of ail the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.’” Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592-593 (1994), quoting Toubiana v.Priestly, 402 Mass. 84, 88 (1988), Mounsey v.Ellard, 363 Mass. 693, 708 (1973). A residential landlord cannot be held liable in negligence unless he knew or reasonably should have known of the defect and had a reasonable opportunity to repair or remove it. Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 950 (1994). Herein, there was no evidence that the homeowners were present or had any knowledge of the cardboard box in the driveway. For this reason, the plaintiff ceded at oral argument that the court correctly granted the Motion for Summary *189 Judgment for the homeowners Kon Shing Chan and Lynn Chan.
But, the plaintiff argues, Loi Chu and Virginia Leung’s Motion for Summary Judgment should not have been allowed, as they had control of the premises and placed the cardboard on the driveway.
Duty Owed to Business Invitee — Open and Obvious
The duty owed by the defendant to a business invitee was to use due care to keep its premises in a reasonably safe condition for use according to the invitation or to warn of dangers not obvious to the ordinary person and of which [t]he[y] would not be expected to know, but which were known or should have been known to the defendant. Benjamin v. O’Connell & Lee Mfg. Co., 334 Mass. 646, 649 (1956), citing Fulton v. Edison Electric Illuminating Co. of Boston, 303 Mass. 258, 262-263 (1939) (contact with electric wires). “[A] defendant in a premises liability case is ‘not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.’” Barry v. Beverly Enterprises-Massachusetts, Inc., supra at 593, Toubiana, supra at 88, Gadowski v. Union Oil Co., 326 F.2d 524, 525 (1st Cir. 1964).
An obligation to warn depends on the nature of the danger to be apprehended. If the risk is obvious, resulting injury will not readily be anticipated. Blackmer v. Toohil, 343 Mass. 269, 271-272 (1961) (hose across public sidewalk is less likely to be expected and observed by travelers than a similar condition in other circumstances). But, plaintiffs are obliged to use their faculties for their own protection and to guard themselves from obvious hazards. Darcy v. Lord & Burnham Co., 320 Mass. 371, 374-375 (1946) (fall into known hole previously covered).
“If a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk.” Polak v. Whitney, 21 Mass. App. Ct. 349, 353 (1985) (defendant not required to warn plaintiff of danger of parking car and sleeping in it along roadside as the risk of being struck is open and obvious). See RESTATEMENT (SECOND) OF TORTS §342 (1964). Whether a danger is open and obvious has to do with the duty of the defendant, not the negligence of the plaintiff. Callahan v. Boston Edison Co., 24 Mass. App. Ct. 950 (1987), citing Valunas v. J.J. Newberry Co., 336 Mass. 305, 306 (1957) (store not negligent when 13 yr. old quickly left store to see Are engines and walked into glass panel when blinded by sun).
The defendant’s duty depends, in part, upon the nature of its business and what is necessary to conduct it. “Some latitude must be allowed to the proprietor of a store to display goods in a manner consistent with the nature of the goods and of the business.” Adriance v. Henry Duncan Corp., 291 Mass. 202, 204 (1935) (summary judgment should have been granted when elderly woman tripped over lawnmower wheel in hardware shop as she should have seen lawnmower handle and inferred the location of wheels). Some latitude must be allowed to a storekeeper to use and have nearby equipment reasonably necessary for the sale of his goods. Letiecq v. Denholm & McKay Co., 328 Mass. 120 (1951) (fall in shoe store over foot measure plaintiff had seen). Therein, the court categorized “customers tripping in stores” cases into those in which the storeowner was and was not negligent for failing to warn.
Numerous cases have presented the question whether objects of one sort or another in a store or similar place and over which a customer tripped could be found to constitute negligence on the part of the person in control of the premises. In the following cases it was held that findings of negligence were warranted: Ginns v. C.T. Sherer Co., 219 Mass. 18 [1914], hat box left in the aisle of a millinery department; Nye v. Louis K. Liggett Co., 224 Mass. 401 [1916], weighing machine in a drug store near the exit; McCarthy v. Great Atlantic & Pacific Tea Co., 292 Mass. 526 *190 [1935], drawer of bread box projecting into aisle near an entrance; Lombardi v. F.W. Woolworth Co., 303 Mass. 417 [1939], weighing machine projecting into aisle; Keeley v. Miller Drug Co., 324 Mass. 692 [1949], pail of water in path of travel between door and soda fountain.
On the other hand, it has been held in the following cases that as matter of law no negligence was shown: Mahoney v. Great Atlantic & Pacific Tea Co., 269 Mass. 459 [1929], sled leaning against radiator; Adriance v. Henry Duncan Corp., 291 Mass. 202 [1935], lawnmower on display in hardware store; Brooks v. Sears, Roebuck & Co., 302 Mass. 184 [1939], wooden curbing in parking lot; Parker v. Jordan Marsh Co., 310 Mass. 227 [1941], platform on which models were displayed; O’Hanley v. Norwood, 315 Mass. 440 [1944], protruding handle of jack in filling station; LeBlanc v. Atlantic Building & Supply Co., Inc., 323 Mass. 702 [1949], piece of canvas in driveway of lumber yard; Griffin v. Fletcher Hardware Co., Inc., 327 Mass. 235 [1951], roll of wire on display in hardware store. Whether a case falls on one side of the line or the other is often difficult and some of the cases cited above are so close that opinion may well differ. Letiecq v. Denholm & McKay Co. at 121-122.
In the latter cases, it cannot be said that the defendant through its agents or servants should reasonably have anticipated that it would be a source of danger to invited persons who would expect to find conditions that would naturally result from the manner in which the business was openly and visibly being carried on. Le Blanc v. Atlantic Bldg. & Supply Co., 323 Mass. 702, 705 (1949). See also Crone v. Jordan Marsh Co., 269 Mass. 289 (1929) (store owner held not liable, where customer, knowing that floor was slippery and that tight rugs were apt to slip, walked on light rug, which slipped, causing her to fall, since she assumed the risk of accident which necessarily attached to conditions she observed); Flanders v. Pailey, 320 Mass. 744 (1947) (directed verdict for defendant when customer tripped over visible electrical cord when mounting slenderizing machine on her twentieth visit as she was assumed to be familiar with cord so that defendant’s failure to warn of cord was not negligence).
In Le Blanc v. Atlantic Bldg. & Supply Co., supra, the plaintiff drove into the lumber yard to buy shingles. When his automobile stopped, the plaintiff saw a 4 foot by 5-6 foot wrinkled up piece of canvas between the automobile and the doorway of the shed storing the shingles. On the second trip from the shed to the motor vehicle, the plaintiff fell over the piece of canvas. Judgment entered for the plaintiff. The defendant argued that the danger was known to the plaintiff. The court held that the defendant had no duty to warn the plaintiff of the danger which he was aware of, and the defendant was therefor not negligent. “It cannot be said that the defendant through its agents or servants should reasonably have anticipated that it would be a source of danger to invited persons who would expect to find conditions that would naturally result from the manner in which the business was openly and visibly being carried on.” Id. at p. 705.
Knowledge of the condition is a predicate to what is open and obvious. A plaintiff who walked safely from a building’s corridor into a room five inches higher than the corridor, was not in the exercise of due care when she fell egressing the room back into the lower corridor. Ware v. Evangelical Baptist Benevolent & Missionary Soc. of Boston, 181 Mass. 285 (1902). Judgment for defendant should have been granted when plaintiff on wagon ran into branch in driveway he had seen for eight months. Shaw v. Ogden, 214 Mass. 475 (1913). However, when a store customer tripped at the end of a ramp where it met a raised platform she was unaware of, negligence was a question for jury. Kennedy v. Cherry & Webb Co., Lowell, 267 Mass. 217 (1929). An unaware plaintiff is not required to look at the floor to receive such a warning. Hendricken *191 v. Meadows, 154 Mass. 599 (1891) (fall into open heat register hole).
Other conditions are so obvious from human experience that warnings are not necessary. There is no duty to warn plaintiff of the open and obvious danger of attempting to wash a car in near zero weather. Sweet v. Cieslak, 23 Mass. App. Ct. 908 (1986). There is no duty to warn that the doors at entrance/exit to the Park Street MBTA station might open both ways. Kingsley v. Massachusetts Bay Transp. Authority, 1 Mass. App. Ct. 838 (1973). The presence of a stock truck in a supermarket aisle for a few minutes is not something that the storekeeper is obliged to warn against any more than in the case of a customer who had left his cart in the aisle while obtaining an article from the shelves. Thacker v. Blair’s Foodland, Inc., 354 Mass. 774 (1968), citing Mudge v. Stop & Shop, Inc., 339 Mass. 763 (1959). Where it was obvious that horse hooves on one horse merry-go-round extended 10 inches beyond the platform there was no duty to warn person watching grandchild that she might be struck if she stood on platform. Thomas v. Goldston, 353 Mass. 747 (1967).
The case at bar concerns a plaintiff walking on an object that might have unsure footing, as the piece of canvas in Le Blanc v. Atlantic Bldg. & Supply Co., supra. In Tetreault v. Dupuis, 351 Mass. 710 (1967), the plaintiff was motioned by the defendant to walk across broom sweepings. As he crossed over, he slipped and fell. Thereafter, he saw a banana peel in the sweepings pile. The court upheld the directed verdict because the danger of slipping on the sweepings was obvious. But, a fall from stepping on unseen sweepings on store step is question for jury. Rossley v. S.S. Kresge Co., 339 Mass. 654 (1959).
Likewise, because of the obvious nature of the risk, the employer had no duty to warn the employee mowing the lawn of the danger of slipping on wet grass and falling off the top of a retaining wall. Baldwin v. Pisacreta, 5 Mass. App. Ct. 810 (1977). Similarly, when the plaintiff slipped on leaves on the outside edge of a walk, it was unnecessary to warn the plaintiff of the danger because the risk is obvious. Greenfield v. Freedman, 328 Mass. 272 (1952). Because the danger is seen and known, “ [t] o impose liability upon the defendant in these circumstances ‘would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care.’” Id. at 275, quoting Rogers v. Cambridge Taxi Co., 317 Mass. 578, 580 (1945) (plaintiff sat on ashtray in cab).
Liability for slipping on cardboard depends, in part, upon how open the cardboard is. When a store customer slipped on a small portion of cardboard protruding from under the store entrance mat, which was slick from the water the storeowner designed it to absorb, summary judgment for the storeowner was reversed, as a trier of fact could conclude that the small portion of cardboard was not so obvious or apparent to a patron who slips on it. Sharp v. Bohr, d.b.a. Sunoco Food Mart, et al., Ohio App. 11th (1997). But, a police officer who had seen cardboard fall from a trailer door who then walked on it and slipped while trying to close the door, was owed no duty by landowners or owner of trailer, as officer was not exposed to unreasonable risk, and any risk that might have existed was open and obvious. Wadycki v. Vanee Foods Co., 567 N.E.2d 423, Ill. App. 1 Dist. (1990).
Herein, the plaintiff saw the cardboard spread on the driveway. Cardboard boxes are expected to be present at tag sales. When a plaintiff sees a piece of cardboard and walks on it, the risk is obvious to a person of average intelligence that they may slip and fall. Because the risk is open and obvious, the defendant has no duty to warn the plaintiff of the danger. Wadycki v. Vanee Foods Co., supra. We therefore hold that the case at bar falls clearly on the open and obvious side of the line of cases cited in Le Blanc v. Atlantic Bldg. & Supply Co., supra.
For the foregoing reasons, the trial judge correctly ruled that the risk was open and obvious and the defendants “were not required to warn their guests of the danger.”
*192 Allowance of the defendants’ Kon Shing Chan and Lynn Chan’s Motion for Summary Judgment is affirmed.
Allowance of the defendants’ Loi Chu and Virginia Leung’s Motion for Summary Judgment is affirmed.

 In Koch Poultry Co., Inc. v. Ottman Custom Processors, Inc., 1996 Mass. App. Div. 124, this division, and one of the justices on this panel, dismissed the appeal for failure to include necessary Rule 8A material. See also Mass. Higher Education Assistance Corp. v. McCarthy, 2000 Mass. App. Div. 76.

 Summary judgment for defendant allowed because risk of danger to plaintiff who dove into shallow end of pool was open and obvious. Also, “ [legislature's express abolition of ‘the defense of assumption of risk’ in G.L.c. 231, §85, does not alter the plaintiffs burden in a negligence action to prove that the defendant owed him a duty of care in the circumstances, and thus leaves intact the open and obvious danger rule, which operates to negate the existence of a duty of care.” At 206.