Creedon, J.
The defendant Cumberland Farms, Inc. (Cumberland), appeals from a finding of its negligence in connection with injuries sustained by the plaintiff Ellyn L. Hildebrant (Hildebrant), when she tripped and fell over a box left in the aisle of Cumberland’s store located in Vineyard Haven, Massachusetts. The defendant argues that (1) the evidence was insufficient to warrant a finding of its negligence; (2) the court’s finding was warranted in that the plaintiffs fall was caused by a condition which was open and obvious; (3) medical bills were improperly admitted into evidence; and (4) the award was excessive based on the evidence at trial. We affirm the courts judgment as there was no error of law.
1. “Only where no view of the evidence would warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiff cannot recover.” Spring v. Foodmaster Super Market, Inc., 2 Mass. App. Ct. 808 (1974). Accordingly, taken in a view most favorable to the plaintiff, we state what the evidence warranted on the issue of negligence. At approximately 11:00 p.m. on Tues *46 day December 20,1994, Hildebrant, fifiy-three years of age, entered Cumberland’s Vineyard Haven store to purchase ice cream. She walked down an aisle containing the ice-cream freezer that was located on the left side of the aisle. The freezer was approximately three and one-half feet high. She opened the freezer lid and took from it a container of ice cream. When she turned to leave the area, she tripped over a box, containing what appeared to be Sunday newspaper advertisements, that touched the bottom of the freezer. Hildebrant described her fall as taking a Tieader.” The box she tripped over was approximately twelve to fourteen inches in height and extended into the aisle approximately fifteen inches. The plaintiff did not see the box before she tripped.
The evidence warranted a finding that the Sunday newspaper inserts were delivered to the Vineyard Haven store on Saturday night and were stacked on top of the ice cream freezer or placed up against the freezer itself. While the store had a policy of having the extra papers removed from the store on Mondays so that delivery vehicles would not leave the island empty, the polity was described by Pamela Swan (Swan), the store manager at the time, as a “very set policy, sort of.” Thus, the judge was warranted in finding that the box did contain Sunday advertisements, that the box of advertisements was placed there with the knowledge of Cumberland, and that the box was still in the aisle on Tuesday, December 20, 1994.
Plaintiff reported the incident to the store clerk and then went to the Martha’s Vineyard Hospital where x-rays were taken of her ankle and back. She was released that night from the hospital with instruction to apply alternately ice and heat to the affected areas and take the medication prescribed.
The following morning Hildebrant returned to the Vineyard Haven store and spoke to Swan about the accident Ms. Swan took a report of the incident and told Hildebrant that she understood that the store was a mess the prior evening and that the box over which Hildebrant tripped shouldn’t have been there. Hildebrant followed up with medical treatment from her own physician.
The judge was warranted in finding that Cumberland created the condition. Therefore, the appropriate standard of duly is the familiar standard that Cumberland was “bound to use due care to keep that portion of the premises provided for the use of the patrons in a reasonably safe condition, and to warn them of any dangers that might arise from such use by reason of and condition of the premises, which were not likely to be known to its patrons and of which the defendant knew or ought to have known.’” Young v. Food Fair, Inc., 337 Mass. 323, 324 (1958) quoting Berube v. Economy Grocery Stores Corp., 315 Mass. 89, 91 (1943).
2. Secondly, it is argued that a finding of negligence is not warranted since the cause of the fell was open and obvious. “An obligation to warn depends on the nature of the danger to be apprehended. If the risk is obvious, resulting injury will not readily be anticipated. Blackmer v. Toohil, 343 Mass. 269, 271-272, 178 N.E.2d 274 (1961) (hose across public sidewalk is less likely to be expected and observed by travelers than a similar condition in other circumstances).” Rainka v. Shing, 2000 Mass. App. Div. 186. “Tf a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk.’” Id. quoting Polak v. Whitney, 21 Mass. App. Ct. 349, 353 (1985).
What does and does not amount to negligence is often a difficult factual determination. We find that the circumstances of this case fall on the side of negligence. In Lombardi v. F.W. Woolworth Co., 303 Mass. 417 (1939), the Court found that a weighing scale that was placed against a radiator in the front of the store so that the platform scale extended sixteen inches out into the aisle, over which the plaintiff in that case tripped and fell, warranted a finding that the defendant was negligent in failing to maintain its aisle in a reasonably safe condition. Here the box of *47 advertisements extended out into the aisle fifteen inches. This taken together with what counsel for Cumberland himself calls an admission made by the store manager that the place was a mess and that the box shouldn’t have been in that location, warrants a finding of negligence.
The appellants contention that the box of magazines was “open and obvious” to Hildebrant hence relieving Cumberland of a duty to warn is without merit In the case of O’Sullivan v. Shaw, 431 Mass. 201 (2000), the “open and obvious doctrine” is discussed in great detail. At pages 205-206 the Court stated:
“Whether a danger is open and obvious has to do with the duty of the defendant, not the negligence of the plaintiff.’ Rather than evaluating a particular plaintiffs subjective reasonableness or unreasonableness in encountering a known hazard, the inquiry is an objective one that focuses, instead, on the reasonableness of the defendant's conduct it presumes a plaintiffs exercising reasonable care for his own safety and asks whether the dangerous condition was, objectively speaking, so obvious that the defendant would be reasonable in concluding that an ordinarily intelligent plaintiff would perceive and avoid it and, therefore, that any further warning would be superfluous.
In the present case, a misplaced box of newspapers in an aisle, although visible, is not necessarily dangerous. One does not expect to be tripped by a box in the wrong location.
3. Thirdly, appellant challenges the admissibility of the medical bills. In the course of the plaintiffs presentation of damages, for which the court found in the amount of $24,442.00, the plaintiff introduced medical records pursuant to G.L.c. 233, §79G.[2] The defendant in his appeal objects to the introduction of the records not on the basis of their admissibility as reports of treatment, rather Cumberland objects to the records as providing the basis for an award of damages related to treatment because the medical records submitted were not “itemized bills” as required by the statute. Cumberland does not object to a bill by the Martha’s Vineyard Hospital for $442.95 being used as an award of damages for medical expenses. It does object to Hildebranf s physician’s statement, without itemization, that the fair and reasonable charges for the medical services rendered were $2,500.00.
The transcript at pages 32-33 indicated that the physician’s charge of $2,500.00 *48 was for the treatment he provided to Hildebrant for this injury as opposed to other charges for other treatment he provided her. Defense counsel had adequate notice of the plaintiffs intention to submit this bill for $2,500.00. He certainly could have subpoenaed the physician under the statute to cross-examine him regarding the charge.
The trial judge committed no error of law regarding the physician’s bill. In the case of Phelps v. MacIntyre, 397 Mass. 459 (1986), it was held that the trial court might, as a matter of discretion, admit into evidence a bill, particularly, where the objecting party had adequate notice of the proponenf s intention to submit an itemized bill from an ambtdance company. Id., 462-463. In the case of St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 171, the court stated “Any prejudice to the defendants resulting from their failure to pursue such remedies could not properly be visited upon the plaintiffs by the exclusion of their medical evidence in contravention of G.L.c. 233, §79G.”
4. Lastly, we turn to Cumberland’s argument that the amount awarded to the plaintiff was excessive in light of the medical evidence. “‘[A]n award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.’ Mirageas v. Massachusetts Bay Transp. Auth., 391 Mass. 815, 822 (1984). It is an error of law if ‘the damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice.’ doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975).” Labonte v. Hutchins & Wheeler, 424 Mass. 813, 825 (1997). In this case, the judge was warranted in finding that Hildebrant, as a result of the fall, suffered back pain, depression and had a reduced level of functional management Cumberland has not brought to our attention any case that has reduced an award based upon a set of facts that the judge was warranted in finding. Thus, we cannot say that the trial judge committed an abuse of discretion. Moreover, the amount awarded to Hilde-brant was not greatly disproportionate to her injuries. We therefore affirm the courts judgment
So ordered.

 General Laws c. 233, §79G provides in pertinent part as follows:
In any proceeding commenced in any court, commission or agency, an itemized bill and reports, including hospital medical records, relating to medical, dental, hospital services... rendered to or prescribed for a person injured, or any report of any examination of said injured person, including, but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician ... rendering such services ... shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician ..., the prognosis of such physician ..., the opinion of such physician ... as to proximate cause of the condition so diagnosed, the opinion of such physician ... as to disability or incapacity, if any, proximately resulting from the condition so diagnosed; provided, however, that written notice of the intention to offer such bill or report as such evidence... has been given. ... Nothing contained in this section shall be construed to limit the right of any party to the action to summon, at his own expense, such physician... for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof....