Cote, J.
The self-represented defendant in this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal contends that the trial judge abused his discretion in denying his motion to continue the trial, committed an error of law in awarding the plaintiff excessive damages, failed to make subsidiary findings in support of his award of damages, and otherwise denied him a fair and impartial trial.
On September 27, 2005, the defendant was indicted and convicted of assaulting and beating the plaintiff with a dangerous weapon. On November 17, 2005, the plaintiff filed this complaint for civil damages arising out of that assault and battery. The defendant filed his answer on May 1,2006, and a bench trial was held on March 13, 2007 in the Northampton Division of the District Court Department. On March 21, 2007, the trial judge’s findings of fact and order for judgment were entered into the record.
1. Defendant's Mental & Physical Capacity. On the day of trial, the defendant was transported to the court house from state prison. The case was called, and the defendant immediately moved for a continuance on the grounds that he lacked the mental and physical capacity to proceed with the trial. Although the judge believed that the defendant appeared to be competent and relatively healthy, he nonetheless *14 appointed the court forensic psychologist to examine him.[1] The forensic psychologist later reported on the record that she had called the defendant’s physician’s assistant at the Gardner facility and learned that he was taking Oxycodone three times daily for his hip pain, that though the medication could have a sedating effect, he had never presented or complained of being overly sedated or confused, and that the defendant actively participated in programs at the prison and regularly attended classes, where he engaged in discussions. This information, together with her direct conversations with the defendant, led her to report that the defendant was competent to go forward with the trial.
The trial transcript makes it abundantly clear that the defendant had both the mental dexterity and physical capacity to represent himself. For example, many of the fifty-three questions he posed to the plaintiff during cross-examination were the product of a mind that was both agile and unhampered by physical distress or mental impairment.[2] We find no error in the judge’s decision to go forward with the trial, *15 or in the manner in which he reached it.[3]
2. Damages. The trial judge awarded the plaintiff damages of $175,000.00, exclusive of interest and costs. The defendant contends that the judge failed to make subsidiary findings of fact in support of the award. We find no error. A District or Boston Municipal Court judge’s obligation to make findings of fact and rulings of law is controlled by Mass. R. Civ. P., Rule 52 (c). The version of that rule applicable to this case at the time of the trial permitted, but did not require, the judge to make findings of fact.[4] Our review of the trial judge’s memorandum of decision convinces us that he did not intend to malee subsidiary findings, but rather to issue “an informal summary of his reasons, a device commonly used by judges in the District and Boston Municipal Court Departments for the benefit of the parties.” Stigum v. Skloff, 433 Mass. 1011 (2001).
The defendant contends that the trial judge committed error in awarding damages in excess of the statutory $25,000.00 limit. Section 19 of G.L.c. 218 provides that a civil action may proceed to trial in the District and Boston Municipal Courts “only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000.” Because the statutory limit is a procedural rather than a jurisdictional requirement, an objection to the amount asserted in the plaintiffs statement of damages is waived unless raised by the defendant, at a minimum, in his answer. Sperounes v. Farese, 449 Mass. 800, 806 (2007).[5] If a timely objection is not made by the defendant, the trial judge has the discretion to determine whether to retain or dismiss the complaint. Id. at 807.
The plaintiffs statement of damages asserted $10,000.00 in medical expenses and $4,300.00 in lost wages based on an “[ijnjury to left knee, anterior ligament, requir *16 ing multiple surgeries as a result of an assault and battery.” The statement of damages form did not require plaintiffs counsel to attach a value to his pain and suffering. That amount was left to the sound discretion of the trier of fact. The undisputed evidence in the record establishes that the plaintiff was viciously assaulted by the defendant. Prior to the attack, the plaintiff was in relatively good health. As a result of the assault, he suffered an injury to a ligament in his left knee and endured emotional trauma and physical pain. Thereafter, the knee ballooned to three times its normal size. The plaintiff underwent two surgeries and a series of rehabilitative therapies to repair the ligament. He did not regain strength in the knee until one year following his last surgery. As a result of the injury, the plaintiff endured pain and suffering, and was unable to live a normal life and meet all the obligations of his employment. The plaintiff continued to endure the physical and emotional effects of his injury, which he described as making him feel “crippled.” As a consequence of the defendant’s attack, the plaintiff lost approximately $20,000.00 in wages.
Once the trial begins, the procedural amount is no longer relevant, and a trier of fact is free to order any amount of damages, provided the award is not greatly disproportionate to the injury proved or represents a miscarriage of justice. Hildebrant v. Cumberland Farms, Inc., 2001 Mass. App. Div. 45, 48, citing doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). Massachusetts courts give great deference to a jury’s, and presumably a District or Boston Municipal Court judge’s, assessment of intangibles such as pain, suffering, and emotional damage. See Borne v. Haverhill Golf & Country Club, Inc., 58 Mass. App. Ct. 306, 320 (2003). “[A]n award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.” Mirageas v. Massachusetts Bay Transp. Auth., 391 Mass. 815, 822 (1984), quoting Bartley v. Phillips, 317 Mass. 35, 43 (1944). The undisputed evidence in the record and the reasonable inferences the trial judge could have drawn from that evidence amply support his determination of damages.
3. Judicial Bias. Pursuant to Guideline 1.4 of the Judicial Guidelines for Civil Hearings Involving Self-Represented Litigants (2006), “Judges shall apply the law without regard to the litigant’s status as a self-represented party and shall neither favor nor penalize the litigant because that litigant is self-represented.” We have reviewed the trial transcript for evidence of any judicial bias and found none. The judge’s treatment of the defendant throughout the trial was deferential and polite, and his rulings evinced an untainted consideration of fact and law.
The judgment is affirmed.
So ordered.

 At the start of trial, the defendant stated:
“I’d like to just state to you the Court that I’m in physical need of a total hip replacement, and I’m being housed in Gardner State Prison, they — I’ve been approved for it since for [sic] 10 months now, and they have not done the operation, and I’m in a lot of physical pain, and I’m under the influence of Oxycontin three times a day, so I’m not in any physical or mental shape to go to trial or basically argue this motion right now.”
The trial judge responded:
‘Well, I don’t doubt your hip replacement information. What I do question is your ability to proceed today, and if you’re saying you’re incompetent to proceed, I’ll have you examined by the court clinician, but we’re going to — my intent is to proceed with these motions and then to proceed to trial if the motions are not dispositive. The case is over two years old. We’re going to try to resolve it today. You strike me as being competent. You appear relatively healthy. The fact that you had a[n] Oxycontin isn’t disabling. If you’re telling me you’re incompetent to proceed in these hearings, I’ll have you examined, and make a judgment after a hearing.”

 The following exchange occurred during the defendant’s cross-examination of the plaintiff:
Q: Well, when you testified, you testified that when you arrived there, the door was closed, but then later on in your testimony you said the door was open.”
Q: “Okay, you’re claiming you have emotional distress caused by me.”
A: ‘Yes.”
Q: “I don’t have any hospital bills from any psychiatrists stating that you’ve seen any or —”
A: “I haven’t seen a psychiatrist.”
Q: “No, if you had emotional distress,... [w]ouldn’tyou be put on some medication?”
Q: “Speaking of drugs, were you on pain medication after this incident took place?”

 We note that the defendant neither asked the judge to disqualify himself nor filed a posttrial motion for a new trial.

 Mass. R. Civ. P., Rule 52(c) was amended on November 28, 2007 to require District and Boston Municipal Court judges to make findings of fact and rulings of law if: (1) the action commenced on or after August 31,2004; (2) a procedural event (e.g., the trial) occurred on or after March 1,2008; and (3) any of the parties timely filed proposed findings and rulings of law. The preamendment version of the rule applies to this case because the trial was held on March 13, 2007.

 G.L.c. 218, §19A(b) states, in part:
“If it appears to the court from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, as set forth in section 19, the judge, after receiving written responses from the parties and after a hearing, if requested by any party, may dismiss the case without prejudice for failure to comply with the requirements of said section 19 regarding the amount necessary for proceeding in the district court or Boston municipal court departments.”
The Supreme Judicial Court has stated, ‘We agree that the statutory requirement is procedural, that an objection to whether that requirement has been satisfied must be raised by the defendant, at a minimum, in his answer and that the failure to raise an objection in a timely manner results in its waiver.” Sperounes, supra at 806.