PAUL SPEROUNES *vs.* ALFRED PAUL FARESE, trustee.[1]

Suffolk. May 10, 2007. - September 17, 2007.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, & CORDY, JJ.

*District Court,* One-trial system, Jurisdiction. *Statute,* Construction.

This court concluded that, pursuant to G. L. c. 218, § 19A, where the defendant in a civil action brought in a District Court or the Boston Municipal Court properly objects to the matter proceeding in that court, the judge must provide an opportunity for written responses from the parties, hold a hearing if a party so requests, and, if satisfied that there is a reasonable likelihood that the plaintiff will recover more than $25,000, dismiss the case; however, where there has been no timely objection to an action proceeding in a District Court or the Boston Municipal Court, the judge has discretion to determine whether to retain or dismiss the complaint, but is not required to do so. [804-807]

In a civil action, the District Court judge erred in denying the defendant's motion to dismiss the complaint on the ground that the claim exceeded the District Court amount in controversy limit of $25,000 as set forth in G. L. c. 218, § 19, where the defendant adequately and timely raised the limitation objection. [807-808]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 10, 2006.

The case was considered by *Greaney,* J.

*Michael L. Altman (Alissa L. Poynor* with him) for the plaintiff.

*Leo S. Fama, II,* for the defendant.

*Dustin F. Hecker,* for Boston Bar Association, amicus curiae, submitted a brief.

CORDY, J. In 2004, the Legislature enacted a Statewide one-trial system for civil cases. St. 2004, c. 252. It provided that a civil case could proceed to trial in the District Court "only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000," G. L. c. 218, § 19. The statute also provides that a judge in the District Court "*may* dismiss the case without

---

[1]Of ALPFA Realty Trust.

prejudice" (emphasis added), where the requirements of § 19 are not satisfied, G. L. c. 218, § 19A; but that "[v]iolation of the requirements for proceeding in the district court or Boston municipal court departments shall not deprive the court of jurisdiction and shall not be grounds for any post-judgment relief . . . ." *Id.*[2]

The question presented is one of statutory construction, that is, whether under the one-trial system a District Court judge has the discretion to permit a case to proceed to trial in the District Court where there is no reasonable likelihood that the estimated damages will be consistent with, that is, below, the $25,000 threshold. We conclude that the $25,000 limitation is a procedural rather than jurisdictional requirement, but that a judge has no discretion to refuse to dismiss such an action where a party makes a timely objection and the judge is satisfied that there is no reasonable likelihood that recovery by the plaintiff will not exceed $25,000. In the absence of a timely objection, a judge in the District Court has the discretion sua sponte to dismiss the action or allow it to proceed.

1. *Background.* a. *Farese's claim in the District Court.* Alfred Paul Farese, in his capacity as trustee of ALPFA Realty Trust, filed suit against Paul Sperounes, individually and as trustee and officer of Python Inc., for breach of a commercial lease and damage caused to the leased property.[3] Farese filed the claim in the District Court, seeking $250,000 in damages. Sperounes filed a motion to dismiss on the ground that the $250,000 claim exceeded the District Court amount in controversy limit of $25,000 as set forth in G. L. c. 218, § 19. A District Court judge denied the motion, ruling that § 19A provides the District Court with discretion to retain cases with amounts in controversy likely to exceed $25,000.[4] Sperounes filed a petition in the county court, pursuant

[2]For purposes of this action, the District Court and Boston Municipal Court Departments are identical. Our reference throughout to the District Court includes the Boston Municipal Court.

[3]The complaint also named Eastern Bank as a trustee defendant. A motion for attachment by trustee process was allowed. Subsequently, in an affidavit filed in the District Court, counsel for Farese moved that the bank be discharged from further proceeding.

[4]Neither party contends that the damages in this case, if liability is established, are reasonably likely to be less than $25,000.

to G. L. c. 211, § 3, seeking a ruling that civil cases may not proceed in the District Court where there is no reasonable likelihood that damages will be within the $25,000 limit, and dismissal of the action. A single justice denied the petition and this appeal followed. Because the issue raised relates to the efficient administration of justice in the trial courts, we have elected to decide the case under our power of general superintendence, G. L. c. 211, § 3, second par.

b. *The civil "one-trial" system.* Until 1996, the District Court handled civil matters under the "remand-removal" system. Under that system, cases filed in the Superior Court with a claim for $25,000 or less were transferred to the District Court for a bench trial. G. L. c. 231, § 102C, as amended through St. 1986, c. 278, § 1. A party aggrieved by the District Court judgment could then seek retransfer of the matter to the Superior Court for a de novo jury trial. *Id.* Cases filed in the District Court seeking damages of $25,000 or less would proceed to a bench trial in the District Court and the aggrieved party could then appeal to the Superior Court for a de novo jury trial. G. L. c. 231, § 104, as amended through St. 1987, c. 251, § 2. A plaintiff who filed a case in the District Court for more than $25,000 risked waiving his right to a jury trial in the Superior Court unless he took certain steps to preserve the right. G. L. c. 231, § 103, as appearing in St. 1987, c. 251, § 1. See M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 2.9, at 47-48 (3d ed. 2003) (Perlin). Similarly, a defendant in such a case lost his right to a jury trial unless he removed the case to the Superior Court before the trial in the District Court commenced. G. L. c. 231, §§ 103, 104. See J.S. Berg, Rough Justice to Due Process — The District Courts of Massachusetts 1869-2004, 100-101 (Mass. Continuing Legal Educ. 2004) (Berg). Under this system, both the Superior and District Court Departments had jurisdiction over matters involving any amount of damages and the District Court was able to award more than $25,000 in damages, just as the Superior Court could award less. See *Haddad* v. *Pulaski*, 36 Mass. App. Ct. 964 (1994); Perlin, *supra,* § 2.3, at 39-40 n.7.

The remand-removal system was created because civil juries were historically unavailable in the District Court and the Massachusetts Constitution provides for the right to a jury trial in

certain types of civil cases. See Berg, *supra* at 101; art. 15 of the Massachusetts Declaration of Rights. The remand-removal system was designed to alleviate the civil caseload burden placed on the Superior Court; by 1990 the system was referred to as "a Rube Goldberg device manufactured piece by piece in a good faith but futile effort to deal with the onslaught of cases confronting our understaffed and resource-meager court system." *Bender* v. *Automotive Specialties, Inc.*, 407 Mass. 31, 35-36 (1990).

In 1996, the Legislature approved an act establishing a one-trial system for civil cases and abolishing the remand-removal system in Norfolk and Middlesex counties on an experimental basis. St. 1996, c. 358. Under this new system, tort and contract actions seeking money damages where there was no reasonable likelihood of recovery greater than $25,000 were required to be filed in the District Court, and all others were to be filed in the Superior Court. *Id.* at § 4. District Courts were authorized to conduct jury trials with six jurors — instead of with twelve, as in the Superior Court — and were granted the same equity jurisdiction as the Superior Court in money damage actions. *Id.* at §§ 3, 8. Appeals from judgments in the District Court were to the Appellate Division of the District Court Department. *Id.* at § 8. The system proved successful in Norfolk and Middlesex counties and was continued and extended to additional counties in 2000 and 2002. See St. 1998, c. 157; St. 2000, c. 142; St. 2002, c. 70. In August, 2004, the Legislature approved the one trial system and, with certain changes, made it applicable to all divisions of the District and Boston Municipal Court Departments. St. 2004, c. 252.

Presently, the District Court has original jurisdiction of civil actions for money damages. The actions may proceed *only if* there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000. See G. L. c. 218, § 19.[5] While this plainly suggests a jurisdictional limitation on the District Court that would require the dismissal of an action where damages are reasonably likely to exceed $25,000, the words of G. L. c. 218, § 19A (*b*), introduce an ambiguity whether dismissal is required or discretionary. Specifically, § 19A (*b*) provides both that:

---

[5]The $25,000 limit can be supplanted with such other "amount [as is] ordered from time to time by the supreme judicial court." G. L. c. 218, § 19.

"If it appears to the court from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, as set forth in section 19, the judge, after receiving written responses from the parties and after a hearing, if requested by any party, *may* dismiss the case without prejudice for failure to comply with the requirements of said section 19 regarding the amount necessary for proceeding in the district court" and that "[v]iolation of the requirements for proceeding in the district court . . . shall not deprive the court of jurisdiction and shall not be grounds for any post-judgment relief in any case." (Emphasis added.)

2. *Discussion.*[6] Where ambiguities exist in the language, we interpret a statute "according to the intent of the Legislature 'ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished.' " *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). Legislative history and the language and construction of related statutes may assist us in ascertaining and effectuating the Legislature's intent. *Commonwealth* v. *Welch*, 444 Mass. 80, 85 (2005), and cases cited. We construe the words of one statute "in association with other statutory language and the general statutory plan." *Polaroid Corp.* v. *Commissioner of Revenue*, 393 Mass. 490, 497 (1984). See *Cote-Whitacre* v. *Department of Pub. Health*, 446 Mass. 350, 359 (2006) (Spina, J., concurring); 2A N.J. Singer, Sutherland Statutory Construction § 46:05, at 155-156 (6th ed. rev. 2000). "[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose." *FMR Corp.* v. *Commissioner of Revenue*, 441 Mass. 810, 819 (2004), quoting *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513-514 (1975).

The parties have not directed us to, nor have we found, any legislative history that provides specific insight into the reason the Legislature chose the language ultimately adopted in G. L. c. 218, §§ 19 and 19A. In cases concerning earlier iterations of

---

[6]We acknowledge the amicus brief filed by the Boston Bar Association.

the civil one-trial system, when it was instituted for a limited time in certain counties, we concluded that the new system was intended to make civil actions in the District and Superior Courts proceed more efficiently than they had under the remand-removal system. See *Ravnikar* v. *Bogojavlensky*, 438 Mass. 627, 634 (2003) (Legislature's goal in creating one-trial system to increase efficiency of court system); *Herman* v. *Home Depot*, 436 Mass. 210, 215 (2002) (consistent with goal of improving efficiency with one-trial system, District Court had power to award both injunctive and monetary relief). In light of the Legislature's expansion of the system to the entire Commonwealth and the enactment of a permanent system, we are confident that the Legislature's intention remained to increase efficiency in the trial courts.

During the experimental years of the one-trial system, the District Court lacked subject matter jurisdiction over cases in which there was "no reasonable likelihood that recovery by the plaintiff [would] exceed twenty-five thousand dollars,"[7] St. 1996, c. 358, § 4. Consequently, the issue of subject matter jurisdiction could be raised at any time, by the parties or sua sponte by the judge or a reviewing court. *Litton Business Sys., Inc.* v. *Commissioner of Revenue*, 383 Mass. 619, 622 (1981). Under this system, an action could proceed to judgment in the District Court and, if a judgment entered in excess of $25,000, a defendant could raise for the first time on appeal the claim that the judgment was void because the District Court did not have subject matter jurisdiction. This created an obvious potential for significant inefficiencies in the trial of civil cases, and was apparently a matter of some concern and controversy. See Perlin, *supra*, § 7.36, at 197 n.129 (under experimental one-trial system, defendant could appeal from decision on jurisdictional amount following judgment).[8]

Under the 2004 legislative scheme, G. L. c. 218, § 19A,

---

[7]A determination whether the $25,000 limit was violated was predicated on the statement of damages submitted by the plaintiff based on facts known to the plaintiff at the time the statement was filed. St. 1996, c. 358, § 5. For a thorough explanation of this process, see M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court §§ 4.20, 7.35 (3d ed. 2003).

[8]In a report filed in 2003 with this court and the Legislature by the then Chief Justice for Administration and Management of the Trial Court, a memorandum from the Chief Justice of the District Court Department noted that under the experimental one-trial system, the Appellate Division of the District Court had "indicated that it would not favor" an argument that the

explicitly provides that the $25,000 limit is not jurisdictional. It is, nevertheless, a statutory requirement. Following its enactment, the Chief Justice of the District Court Department issued a memorandum to all District Court judges and clerk-magistrates setting forth guidelines for implementing the one-trial system throughout the Commonwealth. It highlighted changes from the provisions in place during the experimental trial project and pointed out that "[t]he most important change in the One Trial System under the new law is the elimination of the 'jurisdictional amount.' " Among other things, the memorandum explained that, while the $25,000 "dividing line applies . . . it is 'procedural' rather than jurisdictional." It also noted that "the new law is somewhat vague concerning how and when the procedural amount may be challenged and determined." The memorandum concludes that as a procedural matter "the defendant must raise a challenge to the procedural amount or risk waiving this defense," and as a defense not covered by Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974), it must be raised in the defendant's answer. We agree that the statutory requirement is procedural, that an objection to whether that requirement has been satisfied must be raised by the defendant, at a minimum, in his answer, and that the failure to raise an objection in a timely manner results in its waiver.[9] See M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 7.35A, at 88 (3d ed. Supp. 2007).

Where a defendant properly objects to the matter proceeding in District Court, the judge must provide an opportunity for written responses from the parties, hold a hearing if a party so requests, and, if satisfied that there is a reasonable likelihood the plaintiff will recover more than $25,000, must dismiss the case. Construing the statute to require dismissal in such circumstances gives meaning to the language of G. L. c. 218, § 19, that actions may

District Court lacked jurisdiction where the judgment exceeded $25,000 but at the time of filing there was "inherent uncertainty in the amount of damages."

[9]Rule 12 (b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 754 (1974), provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required" with the exception of nine defenses the pleader may assert by motion. An improper procedural amount is not listed in rule 12 (b) as a defense that may be raised in a motion to dismiss made before such pleading.

proceed "only if" there is no reasonable likelihood that damages recovered by the plaintiff will exceed $25,000. To conclude otherwise would negate the words entirely, resulting in a reading of the statute that any action for money damages may proceed in the District Court, regardless of the amount likely to be recovered by the plaintiff. We interpret the statute so as not to "produce an illogical result," *ROPT Ltd. Partnership* v. *Katin*, 431 Mass. 601, 603 (2000), and to "give meaning to each word in the legislation." *International Org. of Masters* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 392 Mass. 811, 813 (1984).

However, where there has been no timely objection to the action proceeding in District Court, we conclude that G. L. c. 218, § 19A, permits a judge discretion to determine whether to retain or dismiss the complaint. While nothing in the statute requires a judge to act sua sponte to dismiss an action that does not comply with the limitation requirement of G. L. c. 218, § 19, a judge may elect to do so based on a reading of the plaintiff's statement of damages. Before dismissing an action on this basis however, the judge must solicit written responses from the parties and, if one so requests, hold a hearing.

In determining whether to dismiss the action, the judge should consider the amount reasonably likely to be recovered by the plaintiff and whether that amount is marginally or substantially higher than $25,000; whether the matter would be more appropriate for a jury of twelve or a jury of six; and whether resolution of the matter will be substantially delayed by dismissal, or particularly costly to the parties because of the number of filings that will need to be repeated in the Superior Court. A judge should also consider other relevant factors presented by the parties and whether the action is similar in scope to those that fit within the $25,000 limitation.

In the instant case, Sperounes filed a motion to dismiss the complaint on the ground that there was no reasonable likelihood Farese would recover less than $25,000. This motion was denied, as noted above, on the erroneous ground that the judge had the discretion to permit the case to proceed, even in the face of a timely objection. In his answer, filed subsequently, Sperounes again asserted that the case could not proceed in the District Court because of the $25,000 limitation. The defendant adequately

and timely raised the limitation objection, and that the District Court judge was required to dismiss the case for failure to comply with the requirements of G. L. c. 218, § 19.

Sperounes also argues that G. L. c. 218, § 19A, is unconstitutional because it provides the plaintiff with the right to appeal from a judge's dismissal of an action for failing to comply with the $25,000 limitation, see G. L. c. 218, § 19A (*c*), but denies the defendant the right to appeal from the denial of such a dismissal, see G. L. c. 218, § 19A (*b*).[10] In light of our disposition of the case on statutory grounds, we need not consider this constitutional challenge.[11]

3. *Conclusion.* The order of the single justice denying Sperounes's petition under G. L. c. 211, § 3, is reversed. The case is remanded to the county court for the entry of an order reversing the District Court judge's denial of Sperounes's motion to dismiss.

*So ordered.*

---

[10]Where a defendant seeks dismissal because the plaintiff's claim exceeds $25,000, and the judge denies the motion, the defendant has no ability to appeal, G. L. c. 218, § 19A (*b*); but where a judge dismisses the action, either in response to the defendant's request or acting sua sponte, the plaintiff may appeal to a single justice of the Appeals Court. G. L. c. 218, § 19A (*c*).

[11]We do note, however, that interlocutory appeals from the denial of dismissals are rarely permitted under Massachusetts law, *Hoff* v. *Northeastern Univ.*, 41 Mass. App. Ct. 511, 513 (1996), citing *Pollack* v. *Kelly*, 372 Mass. 469 (1977), even though appeals from judgments of dismissal are almost universally permitted. See, e.g., *Massachusetts Elec. Co.* v. *Athol One, Inc.*, 391 Mass. 685 (1984). In any event, where no other remedy is provided, G. L. c. 211, § 3, provides an avenue (taken by Sperounes in this case) "to correct and prevent errors and abuses" in the trial court.