NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12129


ROCKLAND TRUST COMPANY  vs.  ROBERT J. LANGONE.



Suffolk.      February 7, 2017. - June 1, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Civil, Counterclaim and cross-claim,
     Motion to dismiss.  District Court, Jurisdiction, One-trial
     system.



Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on January 6, 2016.

The case was considered by Spina, J.


Jason W. Morgan for the plaintiff.
Dana Alan Curhan for the defendant.


LOWY, J.  The question before us is whether, pursuant to

G. L. c. 218, §§ 19 and 19A, a District Court judge may grant a

plaintiff's motion to dismiss a compulsory counterclaim under

Mass R. Civ. P. 12 (b) (10), as appearing in 450 Mass. 1403

(2008), because the counterclaim is reasonably likely to result

in the recovery of more than $25,000.  We conclude that the judge may not.

Background.  The dispute between the parties stems from two promissory notes executed in 1984 and 1987 to Rockland Trust Company (Rockland) from the Aunyx Corporation, of which the defendant, Robert Langone, was a former officer and principal owner.  Alleging that Langone was a guarantor for the notes, Rockland sued Langone in the District Court in 2003, after Aunyx defaulted.  Langone filed counterclaims asserting damages of $6,500.  Initially, Rockland prevailed, but, for reasons not relevant here, the judgment was later vacated in 2014.

Subsequently, Langone brought an additional counterclaim, asserting damages of $110,000.  Citing rule 12 (b) (10), and G. L. c. 218, §§ 19 and 19A (b), Rockland moved to dismiss the counterclaim[1] arguing that the District Court could not proceed

---

[1] The parties do not address whether Langone's counterclaim is compulsory or permissive.  Langone's allegation of fraud, seeking $110,000, stems from purported collaboration between Rockland and another Aunyx employee to issue a "loan proceeds check payable to [the employee], instead of Aunyx."  It appears that the loan proceeds check relates to the same promissory notes at issue in Rockland's allegations.  Accordingly, we treat Langone's counterclaim as compulsory and do not address the application of Mass. R. Civ. P. 12 (b) (10), as appearing in 450 Mass. 1403 (2008), and G. L. c. 218, §§ 19 and 19A, in the context of permissive counterclaims.

with a counterclaim in excess of $25,000.[2]  The judge denied the
motion, concluding that she had discretion to retain the case.
Rockland appealed to a single justice of the county court under
G. L. c. 211, § 3, who denied its petition without a hearing.
Rockland appealed to the full court.

"Because the issue raised relates to the efficient
administration of justice in the trial courts, we have elected
to decide the case under our power of general superintendence,
G. L. c. 211, § 3, second par."  Sperounes v. Farese, 449 Mass.
800, 802 (2007).  We affirm the single justice's denial of
Rockland's petition.

Discussion.  Generally, the District Court may proceed with
a case "only if there is no reasonable likelihood that recovery
by the plaintiff will exceed $25,000."  G. L. c. 218, § 19.[3]  See
G. L. c. 218, § 19A (b).[4]  This limitation is, however, merely

---

[2] The parties do not dispute that Langone is reasonably
likely to receive more than $25,000 should he prevail on the
counterclaim.  See G. L. c. 218, § 19.

[3] General Laws c. 218, § 19, provides, in relevant part:

> "Except as otherwise provided by law, the [D]istrict
> [C]ourt and Boston [M]unicipal [C]ourt [D]epartments shall
> have original jurisdiction of civil actions for money
> damages.  The actions may proceed in the courts only if
> there is no reasonable likelihood that recovery by the
> plaintiff will exceed $25,000, or an amount ordered from
> time to time by the [S]upreme [J]udicial [C]ourt."

[4] General Laws c. 218, § 19A (b), provides, in relevant
part:

procedural, not jurisdictional.  Sperounes, 449 Mass. at 806-807.  See G. L. c. 218, § 19 (vesting District Court with "original jurisdiction of civil actions for money damages," but providing that actions "may proceed" only if no reasonable likelihood plaintiff will recover more than $25,000).  If a defendant makes a timely objection to a plaintiff's claim that is reasonably likely to obtain more than $25,000, the judge must dismiss the claim without prejudice.  Sperounes, supra.  If, however, the defendant does not assert the procedural limit as a defense in a timely manner, the District Court judge may, in his or her discretion, retain the case.  Id. at 807.[5]

Rockland contends that a District Court judge may not proceed with a compulsory counterclaim in excess of the $25,000 procedural amount set forth in § 19 when the amount is timely asserted as a defense.  Because the procedural amount in § 19

---

"If it appears to the court from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, as set forth in [§] 19, the judge, after receiving written responses from the parties and after a hearing, if requested by any party, may dismiss the case without prejudice for failure to comply with the requirements of said [§] 19 regarding the amount necessary for proceeding in the [D]istrict [C]ourt or Boston [M]unicipal [C]ourt [D]epartments."

[5] The parties also dispute whether Rockland's assertion of the procedural amount defense was timely.  Because we conclude the rule 12 (b) (10) motion was properly denied on other grounds, infra, it is unnecessary to resolve the timeliness of Rockland's response.

applies to the potential recovery "by the plaintiff," Rockland's argument requires interpreting "plaintiff" to include a plaintiff-in-counterclaim.  G. L. c. 218, § 19.  We decline to adopt this interpretation.  Based on the plain language of the statute and the legislative history of the one-trial system in Massachusetts, we conclude that the Legislature intended for the District Court to proceed with cases properly before it, even if a compulsory counterclaim exceeds the procedural amount of § 19.

    1.  Plain meaning of §§ 19 and 19A.  Whether §§ 19 and 19A require dismissal of counterclaims seeking more than $25,000 in the District Court is a question of statutory interpretation, which we review de novo.  Meikle v. Nurse, 474 Mass. 207, 209 (2016).  Our primary goal in statutory interpretation is to "effectuate the intent of the Legislature in enacting" the statute (citation omitted).  Libertarian Ass'n of Mass. v. Secretary of the Commonwealth, 462 Mass. 538, 550 (2012). "The language of a statute is interpreted in accordance with its plain meaning, and if the language is clear and unambiguous, it is conclusive as to the intent of the legislature" (citation omitted).  Meikle, supra at 210.

    "Plaintiff," as the term is ordinarily used, does not include plaintiffs-in-counterclaim.  The plain meaning of the term "plaintiff" is "[t]he party who brings a civil suit in a court of law."  Black's Law Dictionary 1336 (10th ed. 2014).

When a defendant files a compulsory counterclaim against a plaintiff, the plaintiff is still the individual responsible for initiating the suit.

Further, when the Legislature has intended to address plaintiffs-in-counterclaim, it has done so explicitly.  For example, in G. L. c. 21E, § 4A (h), the Legislature defined "plaintiff" to include an "original plaintiff, third-party plaintiff, plaintiff-in-counterclaim and plaintiff-in-crossclaim."  Similarly, in G. L. c. 231, § 104, where the Legislature made removal procedures available to a plaintiff-in-counterclaim,[6] the Legislature explicitly referred to a "plaintiff against whom a claim, counterclaim, or cross-claim" had been brought.  By contrast, § 19 refers only to "the plaintiff."  Because of the ordinary meaning of "plaintiff" and because the Legislature has specified when procedural rules should apply to plaintiffs-in-counterclaim, we do not interpret the plaining meaning of § 19 to include plaintiffs-in-counterclaim.[7]

---

[6] As discussed infra, the Legislature has since rendered this mechanism for removal unavailable.

[7] Rockland also argues rule 12 (b) (10) explicitly applies to counterclaims.  We disagree.  First, rule 12 (b) (10) allows, in relevant part, a motion to dismiss based on an "[i]mproper amount of damages . . . in the District Court as set forth in G. L. c. 218, § 19."  Mass. R. Civ. P. 12 (b) (10).  The basis for dismissal under rule 12 (b) (10) is coextensive with § 19.  Thus, because our interpretation of "plaintiff" in § 19 does not

2.  Legislative intent of the one-trial system.  Allowing the District Court to proceed with a counterclaim that exceeds the procedural amount in § 19 is consistent with the Legislative intent behind the one-trial system and our prior interpretation of the enacting Legislation.

In 2004, the Legislature enacted a Statewide "one-trial system for civil cases."  Sperounes, 449 Mass. at 800, citing St. 2004, c. 252.  The one-trial system took effect gradually, at first applicable only in select counties, and eventually expanded to apply Statewide.  See Ravnikar v. Bogojavlensky, 438 Mass. 627, 632 n.7 (2003).  See also St. 1996, c. 358; St. 2000, c. 142; St. 2002, c. 70; St. 2004, c. 252.  The "intent or purpose of the one-trial system [is] to increase the efficacy of trials in the District and Superior Courts over the inefficient

---

include plaintiffs-in-counterclaim, neither does rule 12 (b) (10).

Second, this interpretation does not render meaningless the reference to counterclaims in rule 12 (b), as suggested by Rockland.  By stating that the defenses enumerated in rule 12 (b) may be used in defense of various claims, including counterclaims, rule 12 (b) does not purport to expand the circumstances in which each defense may apply.  Rather, rule 12 (b) allows a party to assert by motion one of the enumerated defenses when the defense is substantively available.  Because rule 12 (b) (10) is coextensive with § 19, a motion to dismiss pursuant to rule 12 (b) (10) is not substantively available for counterclaims.  The term "counterclaim" is not rendered meaningless in rule 12 (b) because one of the ten enumerated defenses does not apply to compulsory counterclaims.

8

remand-removal system that had previously been in effect."  Zizza v. Zizza, 456 Mass. 401, 407 (2010).

One of the primary mechanisms for increasing the efficiency of trials is the expansion of the jurisdiction of the District Court.  The one-trial system gives the District Court "the same equitable powers and jurisdiction as is provided for the [S]uperior [C]ourt" for cases that were previously subject to the remand-removal system.  Herman v. Home Depot, 436 Mass. 210, 214 (2002).  See Ravnikar, 438 Mass. at 634 ("[T]he District Court may exercise the same equitable powers and jurisdiction as the Superior Court to resolve the entire case").  The one-trial system further authorizes the District Court to hold jury trials, with six jurors.  See G. L. c. 218, § 19B (a).

In enacting the jurisdiction of the District Court as part of the one-trial system, the Legislature rendered certain provisions of the remand-removal system, including G. L. c. 231, § 104, no longer applicable.  See St. 2004 c. 252, § 22 (G. L. c. 231, §§ 102C, 103, 104, 104A, 106, and 107, "shall not apply to civil actions commenced in the [D]istrict [C]ourt, Boston [M]unicipal [C]ourt, and [S]uperior [C]ourt [D]epartments on or after August 31, 2004").[8]  Section 104 allowed, among other

---

[8] The one-trial system as set forth in St. 2004, c. 252, § 23, applies to all proceedings in the enumerated trial court departments subsequent to August 31, 2004, even if the suit commenced before 2004.

things, a plaintiff against whom a counterclaim was brought, or a defendant asserting a compulsory counterclaim, to "file in the [D]istrict [C]ourt . . . a claim of trial by the [S]uperior [C]ourt," if the counterclaim exceeded $25,000. G. L. c. 231, § 104. On receiving a timely request, the District Court clerk transmitted the papers and fees to the clerk of the Superior Court for the case to "proceed as though then originally entered there." Id. If the right of removal was "not properly exercised [the case was] tried in the [D]istrict [C]ourt." Id.

By rendering § 104 no longer applicable to the one-trial system, the Legislature eliminated the mechanism by which a defendant-in-counterclaim (i.e., the plaintiff) could remove a suit to the Superior Court because the counterclaim sought more than $25,000. In St. 1996, c. 358, § 8, the Legislature made clear its intention that such cases proceed in the District Court by stating that, in the applicable counties, all such actions that were "formerly subject to . . . removal and appeal, pursuant to [G. L. c. 231, §§ 97-107],[9] shall be subject to one trial, with or without a jury of six, in the [D]istrict [C]ourt" (emphasis added). See St. 2000, c. 142 (expanding effect of St.

---

[9] Prior to St. 2004, c. 252, the one-trial system legislation rendered G. L. c. 231, §§ 97-107, ineffective. St. 1996, c. 358, § 8. That act rendered G. L. c. 231, §§ 102C, 103, 104, 104A, 106, and 107, inoperable, while making modifications to other sections of the former remand-removal system. See, e.g., St. 2004, c. 252, §§ 13, 14.

1996, c. 358, to additional counties); St. 2002, c. 70 (same). In 2004, the Legislature rendered § 104 inapplicable throughout the Commonwealth. St. 2004 c. 252, § 22. Accordingly, if grounds for removal would have existed under the remand-removal system, which included § 104, the Legislature's explicit command now requires that, under the one-trial system, the case proceed in the District Court.

This interpretation is also supported by the expansion of District Court's jurisdiction as part of the enactment of the one-trial system. See Ravnikar, 438 Mass. at 633-634. Significantly, § 19 grants the District Court original jurisdiction of all "civil actions for money damages," and only procedurally limits claims in excess of $25,000. G. L. c. 218, § 19. See Sperounes, 449 Mass. at 806. It follows that the Legislature intended the District Court to have the ability to try cases in which a counterclaim seeks more than $25,000. We have also interpreted the one-trial system to allow the District Court to decide a claim "which would normally fall within the exclusive jurisdiction of the Superior Court, as long as at least one other claim in the same action is within the traditional jurisdiction of the District Court." Ravnikar, supra at 634.

Under the old remand-removal system of G. L. c. 231, Rockland would have been able to remove the case, pursuant to

§ 104, to the Superior Court based on Langone's compulsory counterclaim seeking more than $25,000. Pursuant to the one-trial system, however, the Legislature intended that such claims remain in the District Court. Further, requiring the District Court to dismiss Langone's counterclaim and refile it in the Superior Court "would create 'the anomalous situation of requiring bifurcated claims,' at the District Court and Superior Court levels, 'with separate trials and appeals.'" Ravnikar, 438 Mass. at 634, quoting Herman, 436 Mass. at 215.[10] Such a requirement cannot be reconciled with the Legislature's goal of a "one-trial system." Zizza, 456 Mass. at 407.

Conclusion. Given the plain language of §§ 19 and 19A and the purpose of the one-trial system, the District Court may

---

[10] Rockland argues that the Superior Court would have the ability to consolidate the smaller, original claim from the District Court with the Superior Court claim. Although Rockland did not specify the appropriate mechanism, counsel appears to have been referring to G. L. c. 223, § 2B. Section 2B provides that the Superior Court "may" order the transfer of an action from the District Court if the actions are "between the same parties" and "aris[e] out of . . . the same . . . event or transaction" (emphasis added). G. L. c. 233, § 2B. Section 2B presumes that the separate claims are already filed in different trial court departments and cannot be fairly read to require dismissal of a properly joined compulsory counterclaim pending in a single trial court department, so that the counterclaim may be refiled in another. Further, the transfer rule under § 2B is permissive, not mandatory, meaning that Rockland's interpretation could result in two actions stemming from the same facts proceeding in separate departments of the trial court. Such a possibility is plainly contrary to the Legislature's goal to increase efficiency and the expansion of the District Court's jurisdiction under the one-trial system. See Zizza, 456 Mass. at 407.

proceed with a case properly before it, where a counterclaim exceeds the $25,000 procedural limit.  We therefore affirm the single justice's denial of Rockland's G. L. c. 211, § 3, petition.

<u>So ordered</u>.
