NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13419

NEW ENGLAND AUTO MAX, INC., & others[1]  vs.  MICHAEL HANLEY[2]
& others.[3]


Suffolk.     February 5, 2024. - May 20, 2024.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, & Dewar, JJ.


Supreme Judicial Court, Superintendence of inferior courts.
     District Court, Jurisdiction, Appellate Division.
     Practice, Civil, Damages, Interlocutory appeal, Appellate
     Division:  appeal, Motion to dismiss.  Damages.  Statute,
     Construction.



     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on January 19, 2023.

     The case was heard by Georges, J.


     Mark A. Aronsson (William A. Raven also present) for the
petitioners.
     Robert Richardson (Edward C. Cumbo also present) for
Michael Hanley & another.

     _____

     [1] New England AutoMax, Inc.; and Howard Wilner.

     [2] Individually and on behalf of all others similarly
situated.

     [3] Christopher Trombley, individually and on behalf of all
others similarly situated; and Quincy Division of the District
Court Department, as a nominal party.

DEWAR, J.  A civil case may proceed to trial in the District Court or Boston Municipal Court only if there is no reasonable likelihood that recovery by the plaintiff will exceed $50,000, on penalty of dismissal without prejudice to refiling in the Superior Court.  G. L. c. 218, §§ 19, 19A (b).  The petitioners, who are defendants in the underlying civil action, unsuccessfully moved to dismiss that action for exceeding the $50,000 limit.[4]  They then petitioned this court for extraordinary relief under G. L. c. 211, § 3.  A single justice denied relief on the ground that the defendants had an alternate avenue of appellate relief, and we allowed the defendants' appeal from that decision to proceed.

Today we conclude that the single justice did not err or abuse his discretion in denying relief to these defendants, but we exercise our discretion to decide the question of law they present.  We hold that, under G. L. c. 231, § 108, these defendants had a right to an interlocutory appeal to the Appellate Division of the District Court (Appellate Division) on the question of law they press before this court -- an alternate avenue of appellate review that would ordinarily preclude relief

---

[4] For ease of reference, we refer to the petitioners and respondents by their status as defendants and plaintiffs in the underlying action.

under G. L. c. 211, § 3.  We recognize, however, that the question of law the defendants raise relates to the administration of justice in our trial courts, and we exercise our general superintendence power to address it.  We conclude that the District Court judge erred in holding that G. L. c. 218, § 19A, constrains a court from looking beyond a plaintiff's initial statement of damages in assessing whether there is a reasonable likelihood that recovery by the plaintiff will exceed $50,000.  Rather, the statute requires the court to consider the nature of the action itself -- and thus the complaint then before the court.  We therefore remand the case to the county court for entry of an order vacating the denial of the defendants' motion to dismiss and remanding to the District Court for further proceedings consistent with today's opinion.

1.  Background.  a.  Statutory scheme.  In 2004, the Legislature enacted the current versions of G. L. c. 218, §§ 19 and 19A, to establish a Statewide "one trial" system for civil cases and simplify the allocation of cases between the Superior Court and the District and Boston Municipal Courts.  See St. 2004, c. 252, §§ 5, 6; Sperounes v. Farese, 449 Mass. 800, 802-803 (2007).  General Laws c. 218, § 19, vests the District and Boston Municipal Courts with original jurisdiction over civil actions for money damages.  The statute further provides, however, that actions for money damages "may proceed" in these

courts rather than in Superior Court "only if there is no reasonable likelihood that recovery by the plaintiff will exceed [$50,000]."[5]  Id.  The statute specifies that, "[w]here multiple damages are allowed by law, the amount of single damages claimed shall control."  Id.

General Laws c. 218, § 19A, prescribes the procedures for implementing this nonjurisdictional $50,000 limit.  See Sperounes, 449 Mass. at 801.  Most relevant here, a plaintiff, upon commencing an action for money damages, must submit a statement of damages estimating the plaintiff's potential damages if the plaintiff prevails.  See G. L. c. 218, § 19A (a).  The defendant is entitled to file a competing statement of damages with the defendant's answer.  Id.  The statute then sets forth the circumstances in which a judge may dismiss a plaintiff's action for failure to comply with the $50,000 limit, the details of which we reserve for our discussion below.

If a judge does dismiss a plaintiff's action under this provision, the plaintiff may recommence the action in the appropriate court within thirty days, with the filing fee reduced by the amount the plaintiff initially paid.  G. L. c. 218, §§ 19A (b), (d).  A plaintiff may also appeal from the

---

[5] The statutory limit increased from $25,000 to $50,000 in 2020 under the governing standing order.  See Supreme Judicial Court, Order Regarding Amount-in-Controversy Requirement Under G. L. c. 218, § 19, and G. L. c. 212, § 3 (July 17, 2019).

dismissal to a single justice of the Appeals Court, and the single justice's decision "shall be final."  G. L. c. 218, § 19A (c).  The statute expressly forecloses "any post-judgment relief in any case" based on "[v]iolation of the requirements for proceeding in the district court or Boston municipal court departments."  G. L. c. 218, § 19A (b).

b.  Prior proceedings.  The underlying action arises out of the plaintiffs' alleged employment at the automobile dealership business operated by the defendants, New England Auto Max, Inc., New England AutoMax, Inc., and Howard Wilner.  On June 14, 2022, plaintiff Michael Hanley filed a putative class action complaint in the District Court, alleging that the defendants unlawfully deducted employees' "regular pay" from their future earned commissions and bonuses in violation of G. L. c. 151, § 1, and G. L. c. 149, §§ 148 and 150.  Hanley, who alleged he had worked for the defendants' business from approximately 2015 to 2020, also brought the action on behalf of a proposed class of employees who had worked for the defendants for all or part of the three-year period preceding the filing of the complaint.  On behalf of himself and the class, he sought to recover damages under G. L. c. 149, § 150.  At the time of filing, Hanley submitted a statement of damages pursuant to G. L. c. 218, § 19A, estimating that single damages for the claim brought on

his own behalf would amount to "more than $25,000," but were reasonably likely to be "less than $50,000."

On September 7, 2022, the plaintiffs filed an ex parte motion seeking additional time to serve the defendants. The following day, they filed an amended complaint, adding Christopher Trombley as a second named plaintiff and class representative. Alleging that Trombley had worked for the defendants from 2008 through 2022, the complaint brought the same claims on behalf of Trombley as those set out in Hanley's initial complaint. The plaintiffs then served the amended complaint following the District Court's grant of their motion for additional time to do so.

In response, the defendants filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (10), as appearing in 450 Mass. 1403 (2008), and G. L. c. 218, § 19A, arguing that the recovery of the plaintiffs and the putative class was reasonably likely to exceed the $50,000 damages threshold of G. L. c. 218, § 19. After receiving memoranda from the parties and conducting a hearing, a District Court judge denied the motion to dismiss. Declining to consider the amended complaint that had been filed on behalf of both Hanley and Trombley, as well as the proposed plaintiff class, the judge held that the statute directed the court to examine only the initial statement of damages filed by Hanley. See G. L. c. 218, § 19A (b) (providing for dismissal

"[i]f it appears to the court from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court").  And, observing that no class had yet been certified, the court found "no showing" that Hanley's "originally filed" statement of damages was "understated."

On January 19, 2023, the defendants filed a petition under G. L. c. 211, § 3, seeking reversal of the District Court's interlocutory order denying their motion to dismiss.  A single justice denied the defendants' petition on the ground that the defendants had an adequate alternative remedy in the ordinary appellate process.  The defendants then filed a notice of appeal under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), and we allowed the appeal to proceed, noting our intent to consider the question whether relief under the first paragraph of G. L. c. 211, § 3, is available to defendants in these circumstances.

2.  Discussion.  a.  Availability of G. L. c. 211, § 3, relief.  The first paragraph of G. L. c. 211, § 3, confers on this court the power of "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided."  We have recognized that this "discretionary power of review" is "extraordinary and will be exercised only in the most exceptional circumstances" (quotations and citation omitted).

McMenimen v. Passatempo, 452 Mass. 178, 184 (2008).  "Parties seeking relief pursuant to G. L. c. 211, § 3, must demonstrate both a violation of their substantive rights and the absence of another adequate or effective avenue of relief" (citation omitted).  Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 833 (2019).  "We review a decision of a single justice pursuant to G. L. c. 211, § 3, for clear error of law or abuse of discretion."  Nicholas-Taylor v. Commonwealth, 490 Mass. 552, 556 (2022).

The defendants here contend that the single justice erred as a matter of law in concluding that they had an adequate alternative avenue of relief from the District Court judge's denial of their motion to dismiss.  They note that G. L. c. 218, § 19A, permits a plaintiff to appeal to a single justice of the Appeals Court from a judge's dismissal of an action for exceeding the $50,000 limit, but provides no such remedy to a defendant upon denial of a Mass. R. Civ. P. 12 (b) (10) motion to dismiss on this ground.  And they dispute the plaintiffs' argument that an interlocutory appeal to the Appellate Division under G. L. c. 231, § 108, was available to them.

Our understanding of these provisions follows from familiar principles of statutory interpretation.  We examine a statute "with the goal of interpreting the relevant statutory provisions to reflect and carry out the legislative intent behind them."

Zizza v. Zizza, 456 Mass. 401, 407 (2010).  We interpret the language of the statute "in accordance with its plain meaning, and if the language is clear and unambiguous, it is conclusive as to the intent of the legislature" (citation omitted).  Rockland Trust Co. v. Langone, 477 Mass. 230, 232 (2017).  And, "[w]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose" (citation omitted).  Sperounes, 449 Mass. at 804.

We begin by acknowledging that, in the statutory provisions setting forth the procedures for implementing the $50,000 limit for cases that may proceed in the District and Boston Municipal Courts, the Legislature provided an avenue for appellate relief only to plaintiffs upon the grant of a motion to dismiss on this ground.  See G. L. c. 218, § 19A (c).  And the Legislature barred appellate recourse on this ground following final judgment.  See G. L. c. 218, § 19A (b) (violation of statute's requirements "shall not be grounds for any post-judgment relief in any case").  However, the Legislature also, in the very same 2004 reforms, amended the long-standing avenue of appellate relief in the Appellate Division under G. L. c. 231, § 108.  See St. 2004, c. 252, § 15.

General Laws c. 231, § 108, establishes the Appellate Division of the District and Boston Municipal Courts, "for the

rehearing of matters of law arising in civil cases, in claims of compensation of victims of violent crimes, and in civil motor vehicle infractions." Following the Legislature's 2004 amendments, the provision's third paragraph now provides that "[a]ny party to" a civil case in those courts, if "aggrieved by any ruling on a matter of law by a trial court justice, may as of right, appeal the ruling for determination by the appellate division pursuant to the applicable rules of court." G. L. c. 231, § 108, third par. Upon such an appeal, if the Appellate Division finds "prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or part; otherwise it shall dismiss [the] appeal." Id. The Appellate Division may also award double costs if the appeal from "such ruling" appears to have been frivolous "or intended for delay." Id. The statute further provides that, if the appellant fails to prosecute the appeal seasonably, the Appellate Division "may order the cause to proceed as though no appeal had been filed." Id. We have not previously had occasion to interpret this provision as amended in 2004, beyond noting its existence as an avenue for appeal to the Appellate Division. See Matter of G.P., 473 Mass. 112, 123 (2015).

Prior to the 2004 amendments, G. L. c. 231, § 108, provided for appellate relief only via "reports" initiated by either a party or the trial court judge. See G. L. c. 231, § 108, as

amended through St. 1997, c. 19, § 118.  The 2004 amendments repealed the prescribed procedures for "reports" upon a party's request, see id., and replaced those provisions with the "right" to "appeal" we consider today, see G. L. c. 231, § 108, third par.  The amended statute retains the provisions under which a trial court judge may elect to report a decision or interlocutory finding or order.  See id.

Accepting the plain meaning of the statute's terms as we must, we conclude that the Legislature has provided a right to appeal to the Appellate Division to "[a]ny party" who is "aggrieved by any ruling on a matter of law by a trial court justice" in a civil case, regardless of whether the "ruling" is interlocutory.  G. L. c. 231, § 108, third par.  The Legislature's use of the word "any" in the phrase "any ruling" invites "a broad interpretation of the word."  Bank of N.Y. Mellon v. King, 485 Mass. 37, 46 (2020), quoting Ali v. Federal Bur. of Prisons, 552 U.S. 214, 219 (2008) ("[r]ead naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind'").

And the provision includes no reference to entry of judgment or other similar terms the Legislature frequently uses to impose a finality requirement.  See, e.g., G. L. c. 231, § 109 (appeals from decisions of Appellate Division permitted only after "final decision of the appellate division");

G. L. c. 231, § 97 (appeals to Superior Court in civil cases permitted only from "the judgment of a district court"). Indeed, for decades, G. L. c. 231, § 108, itself provided parties with a right to a "report" to the Appellate Division only once the case was "otherwise ripe for judgment." See G. L. c. 231, § 108, as amended through St. 1933, c. 255, § 1; Pollack v. Kelly, 372 Mass. 469, 474-475 & n.3, 477 (1977) ("reject[ing] as premature" appeal from Appellate Division of interlocutory order and noting that party's report of interlocutory order to Appellate Division "was also premature").[6]  "We will not add words to a statute that the Legislature did not put there, either by inadvertent omission or by design."  Retirement Bd. of Somerville v. Buonomo, 467 Mass. 662, 671-672 (2014) (phrase "any member" in pension forfeiture statute not silently limited to members still in service).  We thus conclude that, under this provision as amended, an aggrieved party in a civil case has a

---

    [6] The Legislature removed this language requiring that the case be ripe for judgment in 1975.  See St. 1975, c. 377, § 106 (effective July 1, 1975).  The party's report at issue in Pollack appears to have occurred prior to the amendment's effective date, and Pollack does not mention the amendment.  See Pollack, 372 Mass. at 470, 475-477.  The Appellate Division continued to bar interlocutory reports by parties until the 2004 amendments at issue here replaced the procedures for party-initiated reports.  See, e.g., Jackson vs. Bumble Bee Seafoods, Inc., Mass. App. Div., No. 01-WAD-016 (Dist. Ct. Jan. 21, 2003), 2003 Mass. App. Div. 6.

right to appeal from any ruling of law to the Appellate Division.

Resisting the plain language of G. L. 231, § 108, the defendants note that the statute provides that such an appeal shall be "pursuant to the applicable rules of court," G. L. c. 231, § 108, third par., and argue that Rule 4 of the District/Municipal Courts Rules for Appellate Division Appeal (Dist./Mun. Cts. R. A. D. A.) barred them from appealing from this interlocutory order. We do not agree. The Legislature's direction that an aggrieved party may bring an appeal as of right "pursuant to the applicable rules of court," G. L. c. 231, § 108, simply signifies that the applicable court rules govern the procedures by which a party appeals -- for example, under rule 4, requiring that a notice of appeal be filed within ten days of the ruling. Moreover, while rule 4 does refer to the "entry of the judgment" in describing when to take an appeal, rule 3, concerning how to take an appeal, prescribes requirements for appealing from a broader array of court actions, including a "ruling." See Dist./Mun. Cts. R. A. D. A. 3(c)(3) (notice of appeal "shall contain . . . the judgment, ruling, finding, decision or part thereof being appealed"); Dist./Mun. Cts. R. A. D. A. 3(b) (prescribing procedures where "two or more persons are entitled to appeal from a judgment, ruling, finding or decision of a trial court"). We thus can

readily read these court rules in harmony with the statute.  See Golden v. General Bldrs. Supply LLC, 441 Mass. 652, 655 (2004) ("Absent some incompatibility between a specific procedural rule and the provisions of the statute, we will apply and enforce both").[7]

We acknowledge that our holding today runs contrary to our usual well-founded disfavor for interlocutory appeals.  "As a general rule, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it," because "a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort" (citations omitted).  CP 200 State, LLC v. CIEE, Inc., 488 Mass. 847, 848 (2022).  Here, however, the Legislature has indeed authorized a limited right to appeal to the Appellate Division from "any ruling on a matter of law" in civil cases, albeit on penalty of double costs for appeals deemed "frivolous or intended for delay."  G. L. c. 231, § 108,

---

[7] We refer to the District and Boston Municipal Courts the question whether to revise Dist./Mun. Cts. R. A. D. A. 4 in light of our decision today.  We note that Rule 4 of the Massachusetts Rules of Appellate Procedure previously also referred solely to appeal from a "judgment" but was amended in 2019 for consistency with rule 3.  See 2019 Reporters' Notes to Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).

third par.  We are not free to deviate from the Legislature's plain intent.  See Rockland Trust Co., 477 Mass. at 232.[8]

While the appellate remedy under G. L. c. 231, § 108, is a limited one, it was available to the defendants here.  Their petition under G. L. c. 211, § 3, rested entirely upon a claim that the District Court judge erred as a matter of law in interpreting the proper bounds of the court's inquiry under G. L. c. 218, § 19A.  They therefore had a "right" to appeal from this interlocutory "ruling" to the Appellate Division under G. L. c. 231, § 108, third par.  Accordingly, the single justice did not commit an error of law or abuse his discretion in concluding that these defendants were not entitled to relief under the first paragraph of G. L. c. 211, § 3, because they had an available adequate alternative means for obtaining appellate relief.  See McMenimen, 452 Mass. at 184.

In so holding, we underscore that an interlocutory appeal to the Appellate Division in a civil case under G. L. c. 231, § 108, third par., is available only from a "ruling on a matter of law" and is therefore not available to a defendant asserting

---

[8] We note that interlocutory appeals pursuant to this provision will not travel beyond the Appellate Division of the District Court.  See G. L. c. 231, § 109 (providing for appeals from Appellate Division only following "final decision"); Pollack, 372 Mass. at 470-474 (emphasizing that usual presumptive bar on interlocutory appeals applies to appeals from decisions of Appellate Division).

a purely factual challenge.  Accordingly, such relief is not available to a defendant claiming solely factual error in a trial court judge's assessment whether recovery in an action is reasonably likely to exceed the $50,000 threshold under G. L. c. 218, §§ 19 and 19A.[9]  We express no view today regarding whether or when a defendant's claim of factual error in connection with the $50,000 threshold may warrant relief under the first paragraph of G. L. c. 211, § 3.  See McMenimen, 452 Mass. at 184 (describing discretionary relief under first paragraph of G. L. c. 211, § 3, as "extraordinary" and "reserved for exceptional circumstances where a litigant demonstrates a substantial claim of violation of his or her substantive rights").

Notwithstanding our agreement with the single justice that these defendants did have an available avenue for appellate relief under G. L. c. 231, § 108, and were therefore not entitled to relief under the first paragraph of G. L. c. 211, § 3, we recognize that the defendants have raised a question of law that "relates to the efficient administration of justice in the trial courts."  Sperounes, 449 Mass. at 802.  We therefore

---

[9] By contrast, in G. L. c. 218, § 19A (c), the Legislature included no such limitation on the scope of the issues a plaintiff may raise in an appeal to a single justice of the Appeals Court following dismissal of an action for exceeding the $50,000 limit.

elect to decide the question they raise under our power of general superintendence set forth in the second paragraph of G. L. c. 211, § 3.  See Rockland Trust Co., 477 Mass. at 231; Sperounes, supra.

b.  Motion to dismiss.  The defendants argue that the District Court judge erred as a matter of law in holding that a judge is constrained to consider only a plaintiff's initial statement of damages -- to the exclusion, even, of the complaint -- in assessing whether "there is no reasonable likelihood that recovery by the plaintiff will exceed" $50,000.  G. L. c. 218, § 19.  Reviewing this question of statutory interpretation de novo under our familiar principles, see Rockland Trust Co., 477 Mass. at 232, we agree that the statute does not impose such a limitation on the trial court's assessment whether an action "may proceed" in the District Court or Boston Municipal Court under G. L. c. 218, § 19.

As described, while the District and Boston Municipal Courts have jurisdiction over actions for money damages, such actions "may proceed" in those courts only if "there is no reasonable likelihood that recovery by the plaintiff will exceed" $50,000.  G. L. c. 218, § 19.  The Legislature set forth in G. L. c. 218, § 19A, the procedures by which to effectuate this limit.  A plaintiff's complaint in the District Court or Boston Municipal Court must be "accompanied by" a statement of

damages that "shall specify the facts on which the plaintiff then relies to determine money damages." G. L. c. 218, § 19A (a). The statute then provides:

> "If it appears to the court from the statement of damages by the plaintiff that there is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of the court, as set forth in section 19, the judge, after receiving written responses from the parties and after a hearing, if requested by any party, may dismiss the case without prejudice for failure to comply with the requirements of said section 19 regarding the amount necessary for proceeding in the district court or Boston municipal court departments."

G. L. c. 218, § 19A (b). Interpreting this provision, the plaintiffs argue, as they successfully argued in the District Court, that a judge may look no further than the statement of damages in assessing whether an action exceeds the statutory $50,000 limit, based on the statute's instruction to judges that they may dismiss an action "[i]f it appears to the court from the statement of damages by the plaintiff" that the action exceeds the limit.

Considering this phrase in the context of the statute as a whole as we must, see Sperounes, 449 Mass. at 804, we discern no intent on the part of the Legislature to restrict judges from looking beyond the four corners of the statement of damages. The plaintiffs' interpretation is untenable above all because the Legislature plainly intended the court to consider a plaintiff's complaint as well as the statement of damages. The

$50,000 threshold in G. L. c. 218, § 19, is a limit on the "actions" for money damages that "may proceed" in these courts, and the court may dismiss an action under G. L. c. 218, § 19A, only if the court concludes that the "case . . . fail[s] to comply with the requirements of" § 19.  The statute thus requires considering the nature of a plaintiff's "action," which may be barred from proceeding in the District Court or Boston Municipal Court only if it seeks money damages that are "reasonabl[y] likel[y]" to exceed $ 50,000.  The requirement that a statement of damages "accompan[y]" a complaint, G. L. c. 218, § 19A (a), serves to aid the court's necessary assessment of the "action" itself and whether it exceeds the $50,000 threshold.  To confine the judge's review to the statement of damages itself would be to require the tail to wag the dog.

Other aspects of the statute also make clear that the Legislature did not contemplate that a judge would be limited to considering the statement of damages alone.  As quoted above, the statute expressly contemplates that the judge will dismiss an action only after "receiving written responses from the parties."  G. L. c. 218, § 19A (b).  And, if the parties request, the court shall hold a hearing.  Id.  It would be illogical for the Legislature to invite the court to consider written responses from the parties, and possibly hold a hearing,

while precluding the court from considering the very complaint before the court. See Sperounes, 449 Mass. at 807, quoting ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 603 (2000) ("We interpret the statute so as not to 'produce an illogical result'").

This conclusion is consonant with our past observations on how the statute operates. In Sperounes, 449 Mass. at 801, we considered whether a judge has discretion to permit an action to proceed where the judge concludes that there is no reasonable likelihood the action will not exceed the statutory limit. We concluded that the judge has no discretion to allow such an action to proceed over a party's timely objection, but that a judge could exercise discretion to permit the action to proceed if no party objects. Id. In so concluding, we held that a defendant must raise such an objection "at a minimum, in his answer," on penalty of waiving the objection, id. at 806 -- thus, of course, contemplating that the judge would consider the pleadings. We further described factors a judge should consider in deciding whether to dismiss an action exceeding the statutory limit where no party objected, including "whether the matter would be more appropriate for a jury of twelve or jury of six," and "whether the action is similar in scope to those that fit within the [$50,0000] limitation." Id. at 807. These considerations likewise contemplate a broader inquiry than one

confined to the statement of damages, certainly comprising at least the complaint.

We therefore conclude that the District Court judge erred in holding that the assessment of an action under G. L. c. 218, § 19A (b), is confined to a plaintiff's statement of damages, and thus erred in declining to consider the plaintiffs' amended complaint in assessing whether there is a reasonable likelihood that the plaintiffs' recovery in this action will exceed $50,000.[10]  Accordingly, the case must be remanded for reassessment of whether the action may proceed in the District Court.

3.  Conclusion.  For the reasons stated above, we discern no error or abuse of discretion in the single justice's conclusion that relief under the first paragraph of G. L. c. 211, § 3, was unavailable to the defendants in this case because they had an alternate avenue of appellate relief.

---

[10] We note that there is no dispute in this case that the amended complaint is the appropriate complaint for the court to consider, nor a dispute regarding the timeliness of the defendants' objection.  The amended complaint including both Hanley and Trombley as named plaintiffs was filed in the District Court prior to service of process on the defendants, who did not file their answer until after the denial of their motion to dismiss under Mass. R. Civ. P. 12 (b) (10).  We have previously recognized that a defendant must raise an objection regarding the $50,000 limit "at a minimum, in [the] answer, and that the failure to raise an objection in a timely manner results in its waiver."  Sperounes, 449 Mass. at 806, citing M.G. Perlin & J.M. Connors, Civil Procedure in the Massachusetts District Court § 7.35A, at 88 (3d ed. Supp. 2007).

Choosing nevertheless to exercise our superintendence powers under the second paragraph of G. L. c. 211, § 3, we reverse the denial of the petition and remand the case to the county court for entry of an order vacating the order of the District Court denying the defendants' motion to dismiss and remanding to the District Court for further proceedings consistent with this opinion.

So ordered.